PEOPLE v SHERMAN-HUFFMAN

Docket No. 217609. Submitted May 10, 2000, at Grand Rapids. Decided May 26, 2000, at 9:00 A.M. Leave to appeal sought.

Bonnie J. Sherman-Huffman was convicted following a bench trial in the Kalamazoo Circuit Court, J. Richardson Johnson, J., of third-degree child abuse. The action was brought after the defendant spanked her daughter with enough force to cause substantial bruising and dislodge a blood clot that was in the daughter's nose from an earlier nosebleed. The defendant appealed.

The Court of Appeals *held*:

Third-degree child abuse is a specific intent crime. Sufficient evidence was presented to support the conclusion that the defendant possessed the requisite specific intent to harm her child.

Affirmed.

CRIMINAL LAW — THIRD-DEGREE CHILD ABUSE — SPECIFIC INTENT.

Third-degree child abuse is a specific intent crime; a conviction of third-degree child abuse requires sufficient evidence to establish that the defendant knowingly or intentionally caused physical harm to a child and subjectively desired or knew that the prohibited result would occur (MCL 750.136b[5]; MSA 28.331[2][5]).

*Jennifer M. Granholm*, Attorney General, *Thomas L. Casey*, Solicitor General, *James J. Gregart*, Prosecuting Attorney, and *Judith B. Ketchum*, Assistant Prosecuting Attorney, for the people.

State Appellate Defender (by *Gail Rodwan*), for the defendant on appeal.

Before: DOCTOROFF, P.J., and SAWYER and CAVANAGH, JJ.

PER CURIAM. Defendant was convicted of third-degree child abuse, MCL 750.136b(5); MSA 28.331(2)(5), following a bench trial. She was sen-

tenced to two years' probation, with the final sixty days to be served in jail, subject to judicial review. Defendant appeals as of right. We affirm.

Defendant challenges whether sufficient evidence was presented supporting a conclusion that she specifically intended to harm her daughter. Generally, we review a challenge to the sufficiency of the evidence in a bench trial de novo and in a light most favorable to the prosecution to determine whether the trial court could have found that the essential elements of the crime were proved beyond a reasonable doubt. *People v Ortiz-Kehoe*, 237 Mich App 508, 520; 603 NW2d 802 (1999).

Initially, we must determine whether third-degree child abuse is a specific intent crime. We find that it is. This question is one of first impression.

MCL 750.136b(5); MSA 28.331(2)(5) provides: "A person is guilty of child abuse in the third degree if the person knowingly or intentionally causes physical harm to a child." The statutory language is substantially similar to the language employed in MCL 750.136b(2); MSA 28.331(2)(2), which provides that a person is guilty of first-degree child abuse "if the person knowingly or intentionally causes serious physical or serious mental harm to a child."

In *People v Gould*, 225 Mich App 79, 84-85; 570 NW2d 140 (1997), lv den 459 Mich 955 (1999) (Supreme Court observing our conclusion was dicta on this point) we concluded that first-degree child abuse is a specific intent crime. In reaching this conclusion, we relied on a previous ruling by this Court that "where a statute requires that the criminal act be committed either 'purposefully' or 'knowingly,' the crime is a specific intent crime." *Id.* at 85 (citing *Peo-*

*ple v Lerma,* 66 Mich App 566, 569-570; 239 NW2d 424 [1976]). In addition, the *Gould* panel summarized the distinction between "specific intent" and "general intent" as follows:

> "Analyzed in this fashion, specific intent crimes would be limited only to those crimes which are required to be committed either 'purposefully' or 'knowingly,' while general intent crimes would encompass those crimes which can be committed either 'recklessly' or 'negligently.' Thus, in order to commit a specific intent crime, *an offender would have to subjectively desire or know that the prohibited result will occur,* whereas in a general intent crime, the prohibited result need only be reasonably expected to follow from the offender's voluntary act, irrespective of any subjective desire to have accomplished such result." [*Gould, supra* at 85, quoting *Lerma, supra* at 569-570 (emphasis added).]

In light of the nearly identical statutory wording of the first-degree and third-degree child abuse provisions, we believe that third-degree child abuse is a "specific intent" crime. Thus, defendant's conviction required sufficient evidence to establish that defendant subjectively desired or knew that the prohibited result would occur.

In the instant matter, defendant testified that before the spankings she gave her daughter, her daughter was "getting real, real lippy," and said some things that were "quite piercing." In addition, defendant testified that the spankings were hard enough to cause a blood clot that was in her daughter's nose from an earlier nosebleed to dislodge, and that her nose bled for a short time. Moreover, the bruising to her daughter was sufficient to raise the suspicion of her daughter's teacher, a child protective services investigator, a police officer, and an emergency room physician. Defendant contends that her daughter

bruises easily because of her asthma medication; however, defendant certainly was aware of this before spanking her. At the very least, defendant's decision to spank her daughter with enough force to actually cause substantial bruising and dislodge a blood clot from her nose, when viewed in a light most favorable to the prosecution, supports the trial court's conclusion that defendant possessed the requisite specific intent to harm her child.

In fact, the only evidence presented that indicated that the harm was not specifically intended was defendant's denial. However, the trial court noted that it had problems with defendant's credibility, weakening the probative effect of these denials. Special deference is given to a trial court's findings when based on witness credibility. *Draggoo v Draggoo*, 223 Mich App 415, 430; 566 NW2d 642 (1997). Accordingly, we find it unnecessary to disturb the trial court's finding that defendant was not a credible witness. Consequently, we conclude that sufficient evidence was presented supporting a conclusion that defendant possessed the requisite specific intent to harm her child, as required by the statute, and reject her argument to the contrary on appeal.

Nevertheless, defendant argues that the trial court also erred in failing to consider a "reasonable discipline" defense. MCL 750.136b(7); MSA 28.331(2)(7) indicates that the child abuse statute should not be construed to prohibit a parent from reasonably disciplining a child, including the reasonable use of force. The record reveals, however, that defendant never argued this defense below. Accordingly, we deem this issue forfeited for appellate review.

Affirmed.