# STATE OF MICHIGAN

# COURT OF APPEALS

PEOPLE OF THE STATE OF MICHIGAN,

       Plaintiff-Appellant/Cross-Appellee,

v

DEREK ADAM HENRY,

       Defendant-Appellee/Cross-
       Appellant.

UNPUBLISHED
September 22, 2015

No. 321031
Wayne Circuit Court
LC No. 13-002266-FC

Before: K. F. KELLY, P.J., and CAVANAGH and SAAD, JJ.

PER CURIAM.

The prosecutor appeals as of right the order granting defendant's motion for judgment notwithstanding the verdict (JNOV), for his jury trial conviction of first-degree child abuse, MCL 750.136b, resulting in an acquittal on the charges. On cross-appeal, defendant asserts alternative bases to affirm the dismissal of his conviction or for the grant of a new trial. We affirm.

This matter arises from the death of Israel Henry (date of birth: November 1, 2011), the son of defendant and his wife, Alexandra Inez Henry, during the late evening hours of October 17, 2012, or the early morning hours of October 18, 2012. Alexandra was a codefendant at trial.

The prosecutor challenges the trial court's grant of defendant's motion for JNOV, asserting sufficient evidence was adduced at trial to sustain his conviction for first-degree child abuse. We note that at trial the prosecutor argued both that defendant and his wife had committed first-degree child abuse premised on the failure to provide adequate or sufficient food to sustain Israel's life and that defendant's decision to not seek medical attention for the child, given his illness over several days along with the child's observable condition, constituted knowing and intentional behavior that caused harm to Israel. On appeal, however, the prosecutor asserts arguments premised only on the failure to procure medical care for the child and does not reference or raise the arguments made in the trial court regarding the failure to provide sufficient food to sustain the child. In presenting a cause of action for appellate review, "a party is bound to the theory on which the cause was prosecuted or defended in the court below." *People v McGraw*, 484 Mich 120, 131 n 36; 771 NW2d 655 (2009) (citation and quotation marks omitted). Having failed to raise or address on appeal its theory in the trial court regarding

-1-

defendant's alleged failure to provide Israel with sufficient food or nutrition to sustain his life, we find that the prosecutor has abandoned that argument on appeal. See *id.*

As recently discussed by this Court in *People v Bailey*, ___ Mich App ___, ___; ___ NW2d ___ (issued June 2, 2015, Docket No. 318479), slip op at 3:

> This Court reviews sufficiency of the evidence issues de novo. To determine whether the prosecutor has presented sufficient evidence to sustain a conviction, [appellate courts] review the evidence in the light most favorable to the prosecutor and determine whether a rational trier of fact could find the defendant guilty beyond a reasonable doubt. The standard of review is deferential: a reviewing court is required to draw all reasonable inferences and make credibility choices in support of the jury verdict. Notably, the prosecutor is not obligated to disprove every reasonable theory consistent with innocence to discharge its responsibility; it need only convince the jury in the face of whatever contradictory evidence the defendant may provide. Further, [c]ircumstantial evidence and reasonable inferences arising from that evidence can constitute satisfactory proof of the elements of a crime. [Citations and quotation marks omitted.]

"In reviewing . . . a motion for . . . acquittal, this Court reviews the evidence in a light most favorable to the prosecution in order to determine whether a rational trier of fact could have found that the essential elements of the crime were proved beyond a reasonable doubt." *People v Gillis*, 474 Mich 105, 113; 712 NW2d 419 (2006) (citation and quotation marks omitted). Similarly, "[a] challenge to the trial court's decision on a motion for a directed verdict has the same standard of review as a challenge to the sufficiency of the evidence." *People v Lewis (On Remand)*, 287 Mich App 356, 365; 788 NW2d 461 (2010), aff'd in part and vacated in part on other grounds by 490 Mich 921 (2011). However, only the evidence presented before the motion for a directed verdict was made is considered. *People v Hampton*, 407 Mich 354, 368; 285 NW2d 284 (1979). In reviewing a trial court's decision on a motion for a directed verdict, this Court reviews the evidence de novo "in a light most favorable to the prosecution" to determine "whether a rational trier of fact could have found that the essential elements of the crime were proved beyond a reasonable doubt." *People v Riley (After Remand)*, 468 Mich 135, 139-140; 659 NW2d 611 (2003). When ruling on a directed verdict, a trial court is not permitted to determine the credibility of witnesses. *People v Mehall*, 454 Mich 1, 6; 557 NW2d 110 (1997).

"The elements of first-degree child abuse are (1) the person, (2) knowingly or intentionally, (3) causes serious physical or mental harm to a child." *People v Gould*, 225 Mich App 79, 87; 570 NW2d 140 (1997). Consistently, MCL 750.136b(2) provides: "A person is guilty of child abuse in the first degree if the person knowingly or intentionally causes serious physical or serious mental harm to a child." Serious physical harm is statutorily defined as "any physical injury to a child that seriously impairs the child's health or physical well-being, including, but not limited to, brain damage, a skull or bone fracture, subdural hemorrhage or hematoma, dislocation, sprain, internal injury, poisoning, burn or scald, or severe cut." MCL 750.136b(1)(f). Our Supreme Court in *People v Maynor*, 470 Mich 289, 295; 683 NW2d 565 (2004), discussed the statutory language of MCL 750.136b(2) as follows:

The plain language of the statute requires that to be convicted of first-degree child abuse, a person "knowingly or intentionally causes serious physical harm or serious mental harm to a child." MCL 750.136b(2). The phrase "knowingly or intentionally" modifies the phrase "causes serious physical or serious mental harm to a child." Thus, this language requires more from defendant than an intent to commit an act. The prosecution must prove that by [the defendant's act], the defendant intended to cause serious physical or mental harm to the children or that []he knew that serious mental or physical harm would be caused by [defendant's act].

This Court reached a similar conclusion in the earlier case of *Gould*, 225 Mich App at 84-85, stating, "a specific intent is required under the first-degree child abuse statute. In other words, in order to convict a defendant of first-degree child abuse, it must be shown that the defendant intended to harm the child, not merely that the defendant engaged in conduct that caused harm." Based on dictionary definitions, it was determined that "the words 'knowingly' and 'intentionally' are synonymous." *Id.* at 84. In distinguishing specific intent crimes such as first-degree child abuse from crimes of general intent, the *Gould* Court explained:

"Analyzed in this fashion, specific intent crimes would be limited only to those crimes which are required to be committed either 'purposefully' or 'knowingly,' while general intent crimes would encompass those crimes which can be committed either 'recklessly' or 'negligently.' Thus, in order *to commit a specific intent crime, an offender would have to subjectively desire or know that the prohibited result will occur*, whereas in a general intent crime, the prohibited result need only be reasonably expected to follow from the offender's voluntary act, irrespective of any subjective desire to have accomplished such result." [*Id.* at 85 (citation omitted, emphasis added).]

See also *People v Sherman-Huffman*, 241 Mich App 264, 266; 615 NW2d 776 (2000), aff'd 466 Mich 39 (2002), quoting *Gould*, 225 Mich App at 85.

Based on the absence of any evidence that defendant knowingly or intentionally caused the death of Israel, the trial court correctly granted an acquittal on the charge of first-degree child abuse. The only evidence adduced at trial was that defendant and his wife were loving and attentive parents to their children. Medical records demonstrated that Israel, while defendant and his wife resided in North Dakota, was taken frequently to a pediatrician to monitor his development and provide health care when he was ill. Nothing in the records suggests that any of the medical staff providing care for Israel in North Dakota had concerns regarding the manner in which defendant or his wife were providing for Israel's daily care or to suggest that defendant or his wife were failing to follow any medical instructions. When his wife phoned the bible study to request defendant return home due to Israel's illness on the evening preceding his death, testimony indicates that defendant did not hesitate and immediately returned to the home as requested. The only testimony elicited indicated that defendant believed the child to be suffering from a malady that he had experienced previously and was recovering. There was nothing to demonstrate that defendant's decision to not seek medical intervention was with the intent to cause harm to the child. Evidence retrieved from the home included infant vitamins, infant Advil and an empty container of Pedialyte, demonstrating efforts to treat Israel's illness. Even

the suggestion that defendant's decision to not seek medical attention for the child was due to a lack of health insurance or financial concerns, does not translate into an intent to do the child harm. Effectively, in building its case, the prosecution worked in reverse to contend that the final outcome, Israel's death, served as proof of defendant's intent. This, however, ignores that there was no evidence preceding the death to suggest that defendant had the intent to cause serious physical harm to Israel. Wrongful intent cannot simply be assumed based on a tragic outcome.

In part, the prosecutor also argues that defendant, being of sufficient age, educated and an experienced parent should have known that his failure to secure medical treatment for Israel would result in his death. While, arguably, the failure to procure treatment was negligent, it cannot be assumed that there simultaneously existed an intent to cause significant harm to the child. First-degree child abuse is a specific intent crime and requires a demonstration of an intent to secure the result that occurred. That simply is not present in the evidence admitted.

In addition, there appears to be a disconnect between the prosecutor's theory, and its argument that defendant's failure to procure medical care for Israel resulted in criminal culpability. The medical examiner identified Israel's cause of death as failure to thrive. Yet the prosecutor argued, as one premise, that the failure to procure medical care on the evening before his demise was the basis for liability and the charge of first-degree child abuse. The failure in this one instance to secure medical care for the child is not attributable or related to his failure to thrive, nor was there any evidence of such a relationship or connection. While failure to thrive as a cause of death may have been associated with a failure to provide adequate sustenance or nutrition to Israel, the prosecutor has abandoned this argument on appeal.

Because we affirm the trial court's acquittal of defendant on the charge of first-degree child abuse, we need not address the remainder of the issues presented by defendant on cross-appeal.

Affirmed.

/s/ Kirsten Frank Kelly
/s/ Mark J. Cavanagh
/s/ Henry William Saad