# STATE OF MICHIGAN

# COURT OF APPEALS

PEOPLE OF THE STATE OF MICHIGAN,

Plaintiff-Appellee,

v

GLEN EDWARD WHITE,

Defendant-Appellant.

UNPUBLISHED
November 19, 2015

No. 323679
Wayne Circuit Court
LC No. 14-002248-FH

Before: JANSEN, P.J., and MURPHY and RIORDAN, JJ.

PER CURIAM.

Defendant appeals as of right his bench trial conviction of assault with intent to do great bodily harm less than murder, MCL 750.84.[1] He was sentenced, as a third habitual offender, MCL 769.11, to 4 to 10 years' imprisonment. On appeal, defendant argues that the prosecution failed to present legally sufficient evidence to support his assault with intent to do great bodily harm less than murder conviction. We affirm.

## I. FACTUAL BACKGROUND

This case arises from an altercation between defendant and his friend of almost 40 years, Darrell Robinson. Immediately prior to the assault, Robinson and defendant entered defendant's apartment and began to argue about money while pacing around the apartment. As the argument became increasingly heated, Robinson sat down on a stool, and defendant continued to walk around the room. After Robinson sat down, he noticed that defendant was holding a butcher or steak knife as he stood within an arm's reach of Robinson. The knife included a blade that was approximately eight inches long. No other weapons were in the immediate vicinity.

When Robinson noticed the knife, he did not leave the apartment, threaten defendant, or take any aggressive action toward defendant. Nonetheless, defendant stabbed Robinson on his left arm near his tricep. Defendant did not say anything to Robinson as he stabbed him. After a brief verbal exchange, Robinson left the apartment, went downstairs to the lobby of the

---

[1] Defendant does not appeal his assault with a dangerous weapon (felonious assault) conviction, MCL 750.82. He was sentenced one to four years in prison for his felonious assault conviction.

-1-

apartment building, put a tourniquet on his arm to stop the bleeding, and waited for emergency personnel and the police to arrive.

When Detroit police officers arrived, Robinson was sitting on a windowsill "bleeding profusely." There was a large pool of blood beneath Robinson, and the two coats that Robinson was wearing were "completely soaked with blood."

Robinson subsequently spent 15 days in the hospital and underwent two significant surgeries for his injuries. He also required eight weeks of rehabilitation treatment. He has a 2 ½-inch scar on his arm due to the stabbing and additional scars on the back of his arm, down his wrist, and in the middle of his hand from the surgeries. At the time of trial, he had not regained full feeling in his left arm or hand, and he was unable to grip things or make a full fist with his hand. Additionally, Robinson still suffers from intermittent pain and "nerve damage" to his left arm, and he is unable to work.

Defendant testified on his own behalf at trial. He explained that he picked up the knife from a nearby table during the argument, fearing that Robinson would grab it first, and continued to argue with Robinson about money. As the argument intensified, Robinson said he approached defendant from across the room with "his coat over his arm," and the men "tussled for the knife." Eventually, they separated, and when Robinson stood, he said, "I think I'm cut." Robinson lifted the coat that was over his arm and revealed a cut. After Robinson's arm started bleeding on defendant's table, defendant asked Robinson to leave the apartment, and Robinson complied with the request.

## II. STANDARD OF REVIEW

"[W]e review a challenge to the sufficiency of the evidence in a bench trial de novo and in a light most favorable to the prosecution to determine whether the trial court could have found that the essential elements of the crime were proved beyond a reasonable doubt." *People v Sherman-Huffman*, 241 Mich App 264, 265; 615 NW2d 776 (2000), aff'd 466 Mich 39 (2002). The standard of review is deferential, as we are required to draw all reasonable inferences and make credibility choices in support of the verdict. See *People v Nowack*, 462 Mich 392, 400; 614 NW2d 78 (2000).

## III. ANALYSIS

Assault with intent to do great bodily harm less than murder is a specific-intent crime. *People v Brown*, 267 Mich App 141, 147; 703 NW2d 230 (2005). The elements of the offense are "(1) an attempt or threat with force or violence to do corporal harm to another (an assault), and (2) an intent to do great bodily harm less than murder." *People v Stevens*, 306 Mich App 620, 628; 858 NW2d 98 (2014) (quotation marks and citation omitted). On appeal, defendant contends that the prosecution presented insufficient evidence to prove the second element of the offense, i.e., defendant's intent, beyond a reasonable doubt. We disagree.

"This Court has defined the intent to do great bodily harm as 'an intent to do serious injury of an aggravated nature.' " *Brown*, 267 Mich App at 147, quoting *People v Mitchell*, 149 Mich App 36, 39; 385 NW2d 717 (1986). Because of the difficulty in proving an actor's intent, only minimal circumstantial evidence is required to show that a defendant had the requisite

intent. *People v Harverson*, 291 Mich App 171, 178; 804 NW2d 757 (2010). Intent to cause great bodily harm can be inferred from the defendant's conduct, including the use of a dangerous weapon and the circumstances surrounding the use of a weapon. *People v Parcha*, 227 Mich App 236, 239; 575 NW2d 316 (1997). Likewise, "[i]ntent may be inferred from a defendant's use of physical violence." *People v Dillard*, 303 Mich App 372, 377; 845 NW2d 518 (2013). Although actual injury to the victim is not an element of assault with intent to do great bodily harm less than murder, the fact-finder may properly consider the extent of any injury inflicted and presume that the defendant intended the natural consequences of his actions in ascertaining the defendant's intent. *Id*. at 378; see also *Stevens*, 306 Mich App at 629. "Indeed, the injury actually inflicted need not be an injury specifically intended, but it can nevertheless be strongly probative of the intent to cause the requisite quantum of harm." *Dillard*, 303 Mich App at 378. As such, the instigation of a fight, the use of a dangerous weapon, and the infliction of serious injury are sufficient to demonstrate the intent required for assault with intent to do great bodily harm less than murder. *Stevens*, 306 Mich App at 629.

Here, when viewed in the light most favorable to the prosecution, *Sherman-Huffman*, 241 Mich App at 265, the evidence presented at trial demonstrates that defendant acted with the requisite intent. Robinson testified that, in the midst of a heated argument, defendant picked up an eight-inch knife and stabbed him in the back of his left tricep. Additionally, Robinson indicated that he did not threaten defendant nor make any aggressive movements prior to the assault. A rational trier of fact could infer that defendant intended to cause serious bodily injury based on the fact that defendant stabbed Robinson with a knife, a potentially deadly weapon, without any provocation. See, e.g., *Parcha*, 227 Mich App at 239.

Moreover, defendant's actions actually caused Robinson great bodily harm. The victim spent 15 days in the hospital, underwent two "major surgeries," completed extensive rehabilitation therapy, and sustained several significant scars. Further, the victim had not regained full feeling or strength in his arm or hand at the time of trial, and he was unable to work as a result of the stabbing. Thus, the extent of Robinson's injuries also supports an inference that defendant assaulted Robinson with the intent to do serious bodily harm. *Dillard*, 303 Mich App at 378; *Stevens*, 306 Mich App at 629.

Therefore, drawing all reasonable inferences and making credibility choices in support of the trial court's verdict, *Nowack*, 462 Mich at 400, Robinson's testimony regarding the circumstances of the assault provided sufficient evidence to sustain defendant's conviction of assault with intent to do great bodily harm less than murder.

Affirmed.

/s/ Kathleen Jansen
/s/ William B. Murphy
/s/ Michael J. Riordan

-3-