# STATE OF MICHIGAN

# COURT OF APPEALS

PEOPLE OF THE STATE OF MICHIGAN,

      Plaintiff-Appellee,

v

KELVIN MOORE,

      Defendant-Appellant.

UNPUBLISHED
October 18, 2016

No. 327260
Wayne Circuit Court
LC No. 14-009023-01-FH

Before: SAAD, P.J., and JANSEN and M. J. KELLY, JJ.

PER CURIAM.

After a bench trial, defendant was convicted of felon in possession of a firearm (felon-in-possession), MCL 750.224f, carrying a concealed weapon, MCL 750.227, and possession of a firearm during the commission of a felony (felony-firearm), MCL 750.227b. Defendant was sentenced, as a third habitual offender, MCL 769.11, to one-to-five years' imprisonment for the felon-in-possession conviction, to be served consecutively to the mandatory two-year term for the felony-firearm conviction. Defendant was also sentenced to one-to-five years' imprisonment for the conviction of carrying a concealed weapon, to be served concurrently with his felony-firearm sentence. Defendant appeals, and we affirm.

This appeal arises from a traffic stop that occurred on August 17, 2012, near Seven Mile Road and Mound Road in Detroit, Michigan. Detroit Police Officer Adam Verbeke and his partner, Officer Robert Eisenmann, were on patrol traveling eastbound on Seven Mile. Officer Verbeke observed that defendant was not wearing a seatbelt, in the front passenger seat of an old, dark purple vehicle. Officer Verbeke advised Officer Eisenmann of the traffic violation, and Officer Eisenmann made a U-turn to conduct a traffic stop. The vehicle defendant was traveling in pulled over, but the vehicle took off after the officers approached on foot. The vehicle came to a stop and the passenger, who Officer Verbeke identified as defendant, exited the passenger side and fled on foot. Defendant turned at a nearby corner, and Officer Verbeke observed a firearm "come"[1] out of the waistband of defendant's pants onto the house's front lawn. Officer

---

[1] At trial, there was conflicting testimony from Officer Verbeke on whether defendant intentionally discarded the handgun or if the handgun accidently fell from the waistband of

-1-

Verbeke stopped pursuing defendant and recovered the silver smaller-caliber firearm to preserve evidence and ensure safety. Officer Verbeke then gave a description of defendant over police radio because he was aware that other units were in the area.

Officer Dondre Penne responded to Officer Verbeke's call for assistance, searched the backyard of a home nearby and discovered defendant lying down and hiding under the bushes. Officer Penne then detained defendant and brought him to Officer Verbeke who positively identified defendant as the individual who had fled from the vehicle.

At trial, defendant denied being the passenger in the vehicle or the individual who Officer Verbeke chased.

On appeal, defendant argues that his convictions were against the great weight of the evidence. Specifically, defendant claims that his convictions cannot stand because the finding that he was the one who possessed the firearm and fled from Officer Verbeke was against the great weight of evidence. We disagree.

In a bench trial, to determine if the verdict was against the great weight of evidence, we first review the court's findings of fact for clear error. See *Ambs v Kalamazoo Co Rd Comm*, 255 Mich App 637, 651; 662 NW2d 424 (2003). A finding is clearly erroneous if the reviewing court is left with a definite and firm conviction that a mistake was made. *People v Allen*, 295 Mich App 277, 281; 813 NW2d 806 (2011). The determination of whether a verdict is against the great weight of evidence requires review of the whole body of proofs. *People v Herbert*, 444 Mich 466, 475; 511 NW2d 654 (1993), overruled on other grounds by *People v Lemmon*, 456 Mich 625 (1998). A verdict is against the great weight of evidence if "the evidence preponderates so heavily against the verdict that it would be a miscarriage of justice to allow the verdict to stand." *People v Lacalamita*, 286 Mich App 467, 469; 780 NW2d 311 (2009). Further, where defendant's great-weight claim challenges Officer Verbeke's credibility, "[s]pecial deference is given to a trial court's findings when based on witness credibility." *People v Sherman-Huffman*, 241 Mich App 264, 267; 615 NW2d 776 (2000), aff'd 466 Mich 39 (2002).

The trial court did not clearly err when it found that defendant was the individual who fled from the vehicle and subsequently discarded the firearm. Officer Verbeke identified defendant as the individual who fled and possessed the firearm and was able to do so because he initially saw defendant's face through their respective front windshields when they were traveling in opposite directions on Seven Mile. Further, the person matching the exact description as the person Officer Verbeke chased was later found hiding under some bushes. Not only did the defendant's appearance match the appearance of the fleeing passenger, but his attempt to hide is further evidence of guilt. *People v Heath*, 80 Mich App 185, 188; 263 NW2d 58 (1977); see also *People v Unger*, 278 Mich App 210, 226; 749 NW2d 272 (2008). Importantly, the trial court, as the finder of fact, was free to disbelieve defendant's self-serving

defendant's pants. The trial court noted that the discrepancy was insignificant in its ultimate determination of defendant's guilt of the charged offenses.

denial that he was not the person who fled from the vehicle. See *People v Perry*, 460 Mich 55, 63; 594 NW2d 477 (1999); *People v Bosca*, 310 Mich App 1, 13; 871 NW2d 307 (2015).

We further reject defendant's claims that the evidence was somehow inadequate because there was no video evidence from the police vehicle's dash camera and because there was no fingerprint evidence on the retrieved firearm. While these items, had they existed, could have buttressed the prosecution's case, their absence does not detract from the evidence provided or our analysis. We hold that the officers' testimony is sufficient to support defendant's convictions, and the resulting verdict is not against the great weight of evidence.

Affirmed.


/s/ Henry William Saad
/s/ Kathleen Jansen
/s/ Michael J. Kelly