# STATE OF MICHIGAN

# COURT OF APPEALS

---

PEOPLE OF THE STATE OF MICHIGAN,

        Plaintiff-Appellee,

v

KENDRA REANN BUCKINGHAM,

        Defendant-Appellant.

UNPUBLISHED
October 10, 2016

No. 327810
Wayne Circuit Court
LC No. 14-010477-01-FH

---

PEOPLE OF THE STATE OF MICHIGAN,

        Plaintiff-Appellee,

v

TALICIA LALONDA HARRIS,

        Defendant-Appellant.

No. 328245
Wayne Circuit Court
LC No. 14-008602-01-FH

---

Before: STEPHENS, P.J., and SAAD and METER, JJ.

PER CURIAM.

At a joint bench trial, the trial court convicted defendants Kendra Buckingham and Talicia Harris of first-degree home invasion, MCL 750.110a(2). The court sentenced Buckingham to a prison term of 30 months to 20 years, and sentenced Harris to a prison term of 15 months to 20 years. Buckingham appeals as of right in Docket No. 327810, and Harris appeals as of right in Docket No. 328245. In both appeals, we remand for the trial court to make the necessary findings of fact and conclusions of law in support of its guilty verdicts.

## I. BACKGROUND

Defendants' convictions arise from an incident that occurred at the home of Percy Baker, who had recently ended a romantic relationship with defendant Harris's father. Although it was undisputed that both defendants entered Baker's home, the circumstances surrounding the entry were disputed. Baker testified that she opened her front door to ask defendants what they

-1-

wanted. While they were talking, Harris became angry and Baker became frightened. Baker tried to close the door, but Harris forced it open and then she and Buckingham entered without permission. They attacked Baker, who sustained injuries.

In contrast, Buckingham testified that Baker held the door open for them to enter. Harris and Baker conversed, Baker became angry, and Baker started a fight with Harris while Buckingham watched. Harris testified that she and Buckingham followed Baker into the house and they conversed. Baker suddenly tried to hit Harris, who reacted, and the two began fighting. Both defendants testified that Buckingham stopped the fight and she and Harris left. The trial court found both defendants guilty of first-degree home invasion, without explanation.

## II. STANDARD OF REVIEW

"A judge who sits without a jury in a criminal trial must make specific findings of fact and state conclusions of law." *People v Shields,* 200 Mich App 554, 558; 504 NW2d 711 (1993). "Brief, definite, and pertinent findings and conclusions on the contested matters are sufficient, without overelaboration of detail or particularization of facts." MCR 2.517(A)(2). Those findings and conclusions may be placed on the record or incorporated in a written opinion. MCR 6.403. The court is not required to make specific findings of fact regarding each element of the crime charged, *People v Legg*, 197 Mich App 131, 134; 494 NW2d 797 (1992), but its findings should show how the court resolved credibility issues and conflicts in the evidence, *People v Ramsey*, 89 Mich App 468, 477; 280 NW2d 565 (1979). A challenge to the sufficiency of the evidence in a bench trial is reviewed de novo on appeal. *People v Sherman-Huffman*, 241 Mich App 264, 265; 615 NW2d 776 (2000). This Court reviews the evidence in a light most favorable to the prosecution to determine whether the trial court could have found that each element of the crime was proved beyond a reasonable doubt. *People v Lanzo Constr Co*, 272 Mich App 470, 474; 726 NW2d 746 (2006). In addition, the trial court's factual findings in a bench trial are reviewed for clear error, *id.* at 473, but this Court gives special deference to those findings based on witness credibility. *Sherman-Huffman*, 241 Mich App at 267. To determine whether the verdict in a bench trial is against the great weight of the evidence, we review the trial court's findings of fact for clear error, but defer to the trial court regarding matters of witness credibility. *Ambs v Kalamazoo Co Rd Comm*, 255 Mich App 637, 651-652; 662 NW2d 424 (2003). We then decide whether "the evidence preponderates so heavily against the verdict that it would be a miscarriage of justice to allow the verdict to stand." *People v Cameron*, 291 Mich App 599, 616-617; 806 NW2d 371 (2011) (quotation marks and footnote omitted). "Unless the trial court elucidates what it found to have happened, [this Court] cannot give regard to the court's resolution of credibility issues, nor can [it] determine whether what the trial court found to be fact is clearly erroneous." *Ramsey*, 89 Mich App at 477.

## III. ANALYSIS

Both defendants challenge the evidence supporting their convictions. In Docket No. 327810, defendant Buckingham argues that she is entitled to a new trial because the verdict is against the great weight of the evidence. In Docket No. 328245, defendant Harris argues that the evidence was insufficient to support her conviction. Defendant Buckingham raises two additional issues, one of which is dispositive of these consolidated appeals. Defendant Buckingham additionally contends that proper review of her evidence challenge is precluded by

the trial court's failure to make any findings of fact and that the trial court sentenced her in error under *People v Lockridge*, 498 Mich 358, 392; 870 NW2d 502 (2015), cert den __ US __; 136 S Ct 590; 193 L Ed 2d 487 (2015). We agree that the trial court failed to provide a legal and factual basis for its guilty ruling for both defendants and that a record must be established before this Court can review the defendants' evidence challenges and defendant Buckingham's sentence guidelines contention. Accordingly, while retaining jurisdiction, we remand both cases for appropriate findings of fact and conclusions of law.

Remanded for further proceedings consistent with this opinion. We retain jurisdiction.

/s/ Cynthia Diane Stephens
/s/ Henry William Saad
/s/ Patrick M. Meter

# Court of Appeals, State of Michigan

## ORDER

People of MI v Kendra Reann Buckingham

People of MI v Talicia LaLonda Harris

Docket No.    327810 ; 328245

LC No.    14-010477-01-FH ; 14-008602-01-FH

Cynthia Diane Stephens
Presiding Judge

Henry William Saad

Patrick M. Meter
Judges

Pursuant to the opinion issued concurrently with this order, this case is REMANDED for further proceedings consistent with the opinion of this Court. We retain jurisdiction.

Proceedings on remand in this matter shall commence within 56 days of the Clerk's certification of this order, and they shall be given priority on remand until they are concluded. As stated in the accompanying opinion, we remand the case to the trial court to make the necessary findings of fact and conclusions of law in support of its gulity verdicts. The proceedings on remand are limited to this issue.

The parties shall promptly file with this Court a copy of all papers filed on remand. Within seven days after entry, appellant shall file with this Court copies of all orders entered on remand.

The transcript of all proceedings on remand shall be prepared and filed within 21 days after completion of the proceedings.

A true copy entered and certified by Jerome W. Zimmer Jr., Chief Clerk, on

NOV 10 2016

Date

Chief Clerk