# STATE OF MICHIGAN

# COURT OF APPEALS

PEOPLE OF THE STATE OF MICHIGAN,

Plaintiff-Appellee,

v

DEXTER SUMTER,

Defendant-Appellant.

UNPUBLISHED
April 18, 2017

No. 331603
Wayne Circuit Court
LC No. 15-000188-01-FH

Before: FORT HOOD, P.J., and JANSEN and HOEKSTRA, JJ.

PER CURIAM.

Defendant appeals as of right his bench trial convictions of attempted assault by strangulation or suffocation, MCL 750.92; MCL 750.84(1)(b), and domestic violence, MCL 750.81(2). We affirm.

Defendant argues that the prosecution did not present sufficient evidence to support his convictions. We disagree.

Challenges to the sufficiency of the evidence are reviewed de novo. *People v McGhee*, 268 Mich App 600, 622; 709 NW2d 595 (2005). Evidence should be viewed "in a light most favorable to the prosecution to determine whether the trial court could have found that the essential elements of the crime were proved beyond a reasonable doubt." *People v Sherman-Huffman*, 241 Mich App 264, 265; 615 NW2d 776 (2000) (citation omitted), aff'd 466 Mich 39 (2002). "The standard of review is differential: a reviewing court is required to draw all reasonable inferences and make credibility choices in support of the verdict." *People v Nowack*, 462 Mich 392, 400; 614 NW2d 78 (2000). A "prosecutor need not negate every reasonable theory consistent with innocence." *Id.* (citation omitted). An appellate court "is required to draw all reasonable inferences and make credibility choices in support of the jury verdict." *Id.* "Circumstantial evidence and reasonable inferences arising from that evidence can constitute satisfactory proof of the elements of a crime." *People v Allen*, 201 Mich App 98, 100; 505 NW2d 869 (1993) (citation omitted).

MCL 750.84(1)(b) provides that any person who is guilty of assaulting another person by strangulation or suffocation is guilty of a felony. An assault is defined as "an attempt to commit a battery or an unlawful act that places another in reasonable apprehension of receiving an immediate battery." *People v Cameron*, 291 Mich App 599, 614; 806 NW2d 371 (2011) (quotation marks, footnote and citation omitted). A battery is "an intentional, uncontested and

harmful or offensive touching of the person of another, or of something closely connected with the person." *Id.* (quotation marks, footnote and citation omitted). MCL 750.84(2) defines strangulation or suffocation as "intentionally impeding normal breathing or circulation of the blood by applying pressure on the throat or neck or by blocking the nose or mouth of another person." Pursuant to MCL 750.92, "an 'attempt' consists of (1) an attempt to commit an offense prohibited by law, and (2) any act towards the commission of the intended offense." *People v Thousand*, 465 Mich 149, 164; 631 NW2d 694 (2001).

Anecea Collins Carpenter, defendant's girlfriend at the time of these offenses, testified that during the course of a violent assault that included multiple encounters spanning a one-day period, defendant choked her and she couldn't breathe. According to Carpenter, defendant only stopped choking her when her daughter, Kenecea Carpenter, sixteen-years-old at the time of the charged offenses, came into the room. This testimony was corroborated by Kenecea, who testified that she observed defendant choking her mother, and that Kenecea told defendant to stop, at which point defendant left the home. The trial court specifically noted that it found Carpenter and Kenecea's testimony in this regard to be credible, and this Court will not interfere in the fact-finder's determinations regarding credibility. See *People v Unger*, 278 Mich App 210, 222; 749 NW2d 272 (2008). Additionally, photographs taken at the hospital showing Carpenter's injuries were admitted into evidence, and they confirm significant bruising and signs of a vicious beating on Carpenter's body, including her neck. We are therefore satisfied that the record evidence amply supported defendant's conviction of attempted assault by strangulation or suffocation.

While defendant appears only to challenge the sufficiency of the evidence with regard to his conviction of attempted assault by strangulation or suffocation,[1] we also address whether sufficient evidence supported defendant's conviction of domestic violence. To prove defendant guilty beyond a reasonable doubt of domestic violence under MCL 750.81(2), the prosecution has to establish that defendant and Carpenter were involved, or had previously been involved, in a dating relationship, and that defendant assaulted or assaulted and battered Carpenter. *Cameron*, 291 Mich App at 614. An assault is defined as "an attempt to commit a battery or an unlawful act that places another in reasonable apprehension of receiving an immediate battery." *Id*. (quotation marks, footnote and citation omitted). A battery is "an intentional, uncontested and harmful or offensive touching of the person of another, or of something closely connected with the person." *Id.* (quotation marks, footnote and citation omitted).

Carpenter testified that on the date in question, she and defendant were involved in a dating relationship. Carpenter testified that defendant grabbed her by the arms, pulled her by her hair, punched her in the ribs, face, and jaw, and choked her repeatedly throughout the day on November 23, 2014. Officer Lashaundra Ferguson testified that Carpenter had a bruise on the left side of her face, which Carpenter told her she had received when defendant slapped her with an open hand. Kenecea also testified that she observed defendant choke her mother on the bed

---

[1] We note that in his brief on appeal, defendant concedes "there might have been enough evidence of domestic violence[.]"

and punch her in the ribs. Thus, sufficient evidence was presented to find defendant guilty beyond a reasonable doubt of domestic violence.

Defendant next argues that his convictions[2] were against the great weight of the evidence. We disagree.

A new trial may be granted if a verdict is against the great weight of the evidence. MCR 2.611(A)(1)(e). In determining whether a trial court's verdict was against the great weight of the evidence, "[t]he test is whether the evidence preponderates so heavily against the verdict that it would be a miscarriage of justice to allow the verdict to stand." *People v McCray*, 245 Mich App 631, 637; 630 NW2d 633 (2001) (citation omitted). "Generally, a verdict may be vacated only when the evidence does not reasonably support it and it was more likely the result of causes outside the record, such as passion, prejudice, sympathy, or some other extraneous influence." *People v Lacalamita*, 286 Mich App 467, 469; 780 NW2d 311 (2009) (citation omitted).

As previously discussed, the prosecution presented the testimony of Carpenter, who stated that defendant choked her, and that defendant's hands were around her neck to the point where she could not breathe. Kenecea also testified that she witnessed defendant choke her mother. On the basis of this testimony, the trial court reasonably concluded that defendant attempted to assault Carpenter by suffocating or strangling her. MCL 750.84(1)(b); MCL 750.92. As discussed above, the record evidence also supported the trial court's finding that defendant had engaged in domestic violence. Accordingly, we conclude that the record evidence did not preponderate against defendant's convictions.

Finally, defendant argues that he was denied the effective assistance of counsel.[3] We disagree.

"Whether a defendant has been denied the effective assistance of counsel is a mixed question of fact and constitutional law." *People v Solloway*, 316 Mich App 174, 187; 891 NW2d 255 (2016), citing *People v LeBlanc*, 465 Mich 575, 579; 640 NW2d 246 (2002). "Generally, a trial court's findings of fact, if any, are reviewed for clear error, and questions of law are reviewed de novo." *Solloway*, 316 Mich App at 188 (citation omitted). Defendant did not move for a new trial on the basis of ineffective assistance of counsel or a *Ginther*[4] hearing. Where no factual record was created in regard to defendant's claim of ineffective assistance of counsel, "this Court's review is limited to mistakes apparent on the lower court record." *Id.* (citation and footnote omitted).

---

[2] While defendant's arguments on appeal pertain only to his conviction of attempted assault by strangulation or suffocation, we also address whether his conviction of domestic violence was against the great weight of the evidence.

[3] Where defendant did not present this issue in his statement of the issues presented, it was not properly preserved and effectively waived. MCR 7.212(C)(5); *People v Fonville*, 291 Mich App 363, 383; 804 NW2d 878 (2011). However, we will address this issue briefly on the merits.

[4] *People v Ginther*, 390 Mich 436; 212 NW2d 922 (1973).

"Effective assistance of counsel is presumed, and the defendant bears a heavy burden of proving otherwise." *People v Lockett*, 295 Mich App 165, 187; 814 NW2d 295 (2012) (citation omitted). When claiming ineffective assistance of counsel, defendant must establish that "(1) counsel's performance was deficient, meaning that it fell below an objective standard of reasonableness and (2) but for counsel's error, there is a reasonable probability that the outcome of the defendant's trial would have been different." *Solloway*, 316 Mich App at 188 (citations omitted). "[D]efendant has the burden of establishing the factual predicate for his claim of ineffective assistance of counsel[.]" *People v Hoag*, 460 Mich 1, 6; 594 NW2d 57 (1999). We also presume that counsel's actions were the result of sound trial strategy. *People v Cooper*, 309 Mich App 74, 80; 867 NW2d 452 (2015).

On appeal, defendant argues that trial counsel was ineffective where he did not move for a directed verdict. A review of the record confirms that at the close of the prosecution's case, defense counsel gave a lengthy closing argument attacking Carpenter's credibility. Specifically, defense counsel questioned why Carpenter did not leave the home and seek refuge elsewhere after defendant first assaulted her in the early morning hours of November 23, 2014. Defense counsel also portrayed Carpenter as a scorned woman, angry at defendant for his infidelity, who was taking her revenge by pursuing criminal charges against defendant. Further, defense counsel pointed to the lack of medical records corroborating Carpenter's allegations that defendant strangled her, as well as the fact that Carpenter did not seek medical attention for her injuries after she was first assaulted during the morning of November 23, 2014. Under the circumstances of this case, defense counsel may have surmised that attacking Carpenter's credibility had a better chance of success than requesting that the trial court enter a directed verdict. Accordingly, from a review of the record as a whole, it appears that defense counsel, rather than moving for a directed verdict, decided to pursue the strategy of strenuously attacking the strength of the prosecution's case on the basis of Carpenter's credibility, how she and Kenecea recalled the pertinent events, and Carpenter's motives for testifying the way she did. Such action does not amount to deficient performance on the part of defense counsel. *Id*. Moreover, where the record evidence amply supported defendant's convictions, defense counsel was not ineffective for not moving for a directed verdict where any effort to do so would have been futile. See *People v Ericksen*, 288 Mich App 192, 201; 793 NW2d 120 (2010), where this Court, citing *People v Snider*, 239 Mich App 393, 425; 608 NW2d 502 (2000), recognized that "[f]ailing to advance a meritless argument or raise a futile objection does not constitute ineffective assistance of counsel." Therefore, defendant's claim of ineffective assistance of counsel is without merit.

Affirmed.

/s/ Karen M. Fort Hood
/s/ Kathleen Jansen
/s/ Joel P. Hoekstra

-4-