*If this opinion indicates that it is "FOR PUBLICATION," it is subject to revision until final publication in the Michigan Appeals Reports.*

# STATE OF MICHIGAN

# COURT OF APPEALS

PEOPLE OF THE STATE OF MICHIGAN,

      Plaintiff-Appellee,

v

PORTIA DENISE SLOSS,

      Defendant-Appellant.

UNPUBLISHED
September 22, 2022

No. 359585
Wayne Circuit Court
LC No. 19-001768-01-FC

Before: GLEICHER, C.J., and MARKEY and PATEL, JJ.

PER CURIAM.

Defendant argues that there was insufficient evidence to support her bench trial convictions for (1) intentional discharge of a firearm at a building, MCL 750.234b, and (2) possession of a firearm during the commission of a felony, MCL 750.227b. Defendant does not dispute that a crime occurred. But she maintains that she was not the perpetrator. Defendant's challenges are related to the credibility of the witnesses' testimony, which is a matter of weight, not sufficiency. We "will not interfere with the [trier of fact's] determinations regarding the weight of the evidence and the credibility of the witnesses." *People v Unger (On Remand)*, 278 Mich App 210, 222; 749 NW2d 272 (2008). We affirm.

## I. BACKGROUND

In the early morning hours of September 22, 2018, shots were fired outside of Catrena Thomas' home on two separate occasions. At approximately 5:30 a.m., Catrena and her niece, Raven Faulks, awoke to the sound of 3 gunshots outside of the residence. Catrena looked out of her second-floor bedroom window and saw a gray car speeding down the street, but she was unable to see the vehicle's occupants or identify the direction of the shots that she heard. Raven did not see the vehicle or the shooter. Because the women did not think that the shots were fired at the residence, they did not contact the police at that time.

Two hours later, at approximately 7:30 a.m., Catrena and Raven heard 5-6 gunshots outside of the home. Catrena looked out of her upstairs bedroom window and saw what appeared to be the same gray vehicle that she saw at 5:30 a.m. Catrena observed the vehicle stopped in front of her home for a couple of seconds before it sped off. During those one to two seconds, Catrena saw

defendant's face and saw defendant fire a black handgun from the passenger window. Catrena yelled out her bedroom window, "Portia, I know it's you and I'm calling the police now!" When Raven heard Catrena yell to the shooter, she ran into Catrena's bedroom and looked out of the window. Raven saw defendant's face as she leaned out of the car's passenger window and fired at least two shots towards the house. Both women maintained that their views were unobstructed. And they were both certain that defendant was the person who was shooting from the vehicle.

Raven and defendant have known each other for over a decade. Catrena maintained that she knew defendant through Raven and, in the two years prior to the shooting, she had seen defendant five or six times at social events. But defendant denied ever meeting Catrena. At the time of the shooting, there had been an ongoing feud between the two families. The feud intensified when Catrena's daughter allegedly ran over defendant's sister a few hours before the shooting incident.

Defendant denied any involvement with the shooting. She claimed that she was at the hospital with her sister when the first shooting occurred and that she was at her mother's house when the second shooting occurred.

Defendant was convicted of discharge of a weapon at a building and felony firearm.[1] She was sentenced to a single day of probation for discharge of a firearm at a building and two years' imprisonment for the felony firearm offense. This appeal followed.

## II. STANDARD OF REVIEW

"Generally, we review a challenge to the sufficiency of the evidence in a bench trial de novo and in a light most favorable to the prosecution to determine whether the trial court could have found that the essential elements of the crime were proved beyond a reasonable doubt." *People v Sherman-Huffman*, 241 Mich App 264, 265; 615 NW2d 776 (2000). "Circumstantial evidence and reasonable inferences therefrom may be sufficient to prove all the elements of an offense beyond a reasonable doubt." *People v Schumacher*, 276 Mich App 165, 167; 740 NW2d 534 (2007). This Court "must defer to the fact-finder by drawing all reasonable inferences and resolving credibility conflicts in support of the . . . verdict." *Id.*

We review a trial court's findings of fact for clear error. See MCR 2.613(C)*; People v Pennington,* 323 Mich App 452, 464; 917 NW2d 720 (2018). A trial court's findings of fact are clearly erroneous if we are "left with a definite and firm conviction that the trial court made a mistake." *People v Reese,* 491 Mich 127, 139; 815 NW2d 85 (2012) (quotation marks and citation omitted).

---

[1] Defendant was originally charged with two counts of felonious assault with intent to commit murder under MCL 750.82, one count of firearm discharge in or at a building under MCL 750.234b, and three counts of felony firearm under MCL 750.227b (two regarding the felonious assault and one regarding the discharge of a firearm at a building). Defendant was acquitted of the two felonious assault charges and the two accompanying felony firearm charges.

### III. ANALYSIS

Defendant argues that there was insufficient evidence to establish that she was the person that fired a gun at Catrena's house. We disagree.

Defendant does not dispute that a shooting occurred on the morning of September 22, 2018. She simply claims that the prosecution failed to introduce evidence that could prove that she was the perpetrator of the offense. Identity is an element of every offense. *People v Yost*, 278 Mich App 341, 356; 749 NW2d 753 (2008). A witness's positive identification can be sufficient to support a conviction. *People v Davis*, 241 Mich App 697, 700; 617 NW2d 381 (2000). It is the trier of fact's role to resolve the credibility of identification testimony and this Court will not resolve it anew. *Id.*

At trial, Catrena and Raven unequivocally identified defendant as the shooter. Catrena testified that, during the one to two seconds that the vehicle was in front of her home, she saw defendant's face and saw defendant fire a handgun from the passenger window. Raven testified that she saw the shooter's face long enough to identify defendant as the shooter. And both women identified the involved vehicle as a similar color and model as defendant's vehicle. They both also identified defendant as the shooter from a photograph presented by the investigating officer. Catrena and Raven's testimony, if believed, was sufficient to establish defendant's identity as the shooter beyond a reasonable doubt. *Davis*, 241 Mich App at 700.

Defendant essentially argues that Catrena and Raven's identification testimony was not reliable. Defendant emphasizes factors such as vision obstructions, inconsistencies in descriptions of the shooter's hairstyle, presumptions based on the vehicle involved, and her own self-serving testimony denying that she has ever met Catrena and denying any involvement in the shooting. Defendant's challenges are related to the credibility of the victims' testimony, which is a matter of weight, not sufficiency. See *People v Scotts*, 80 Mich App 1, 9; 263 NW2d 272 (1977). The trial court, sitting as the trier of fact, determined that the testimony of both victims was credible. We "will not interfere with the [trier of fact's] determinations regarding the weight of the evidence and the credibility of the witnesses." *Unger*, 278 Mich App at 222. Applying these standards, there was sufficient evidence to enable the trial court to find beyond a reasonable doubt that defendant was the shooter. We will not disturb that determination.

### IV. CONCLUSION

Defendant has failed to establish that the trial court's findings made in support of the verdict were clearly erroneous or that there was insufficient evidence supporting that verdict. We affirm defendant's convictions.

/s/ Elizabeth L. Gleicher
/s/ Jane E. Markey
/s/ Sima G. Patel