**Michigan Supreme Court**
**Lansing, Michigan 48909**

# Opinion

Chief Justice
Maura D. Corrigan

Justices
Michael F. Cavanagh
Elizabeth A. Weaver
Marilyn Kelly
Clifford W. Taylor
Robert P. Young, Jr.
Stephen J. Markman

**FILED APRIL 24, 2002**

PEOPLE OF THE STATE OF MICHIGAN,

    Plaintiff-Appellant
    and Cross-Appellee,

v                                         No. 117468

BONNIE JUNE SHERMAN-HUFFMAN,

    Defendant-Appellee
    and Cross-Appellant.

_____

**MEMORANDUM OPINION**

Defendant was charged with and convicted of third-degree

child abuse[1] after she spanked the victim, her daughter,

---

[1] MCL 750.136b(5), which provides:

> A person is guilty of child abuse in the third degree if the person knowingly or intentionally causes physical harm to a child. Child abuse in the third degree is a misdemeanor punishable by imprisonment for not more than 2 years.

twice, and pushed her in the face, causing a nosebleed and bruising on the victim's face and back. The Court of Appeals affirmed defendant's conviction, holding that third-degree child abuse is a specific intent crime and that the prosecution presented sufficient evidence of defendant's specific intent to harm her child. We originally granted leave to consider whether third-degree child abuse is a specific or general intent crime. We conclude, however, that there was sufficient evidence to convict defendant of third-degree child abuse regardless of whether the statute requires general or specific intent.[2] Accordingly, we affirm defendant's conviction.

In determining whether sufficient evidence exists to sustain a conviction, this Court reviews the evidence in a light favorable to the prosecution. *People v Wolfe*, 440 Mich 508, 515; 489 NW2d 748 (1992). This Court must consider "'whether there was sufficient evidence to justify a rational trier of fact in finding guilt beyond a reasonable doubt.'" *Id.* at 513-514, quoting *People v Hampton*, 407 Mich 354, 366; 285 NW2d 284 (1979). See also *People v Nowack*, 462 Mich 392, 399-400; 614 NW2d 78 (2000).

---

[2] The statement by the Court of Appeals that third-degree child abuse is a specific-intent crime is dictum, in light of our finding that there was sufficient evidence to support defendant's conviction under either standard.

2

Here, the prosecution presented sufficient evidence of defendant's guilt at trial. Defendant admitted striking her child. The victim's testimony corroborated defendant's admission. The testimony of school, law enforcement, and medical personnel established that the victim sustained physical injury in the form of extensive bruising to parts of her body and a nosebleed. Further, the injuries to the victim's face were sufficiently painful that the victim asked for an ice pack at school on the following day.

Michigan's third-degree child abuse statute states that a defendant must "knowingly or intentionally" cause physical harm to a child. Regardless of whether the statute requires general or specific intent, the evidence is sufficient to convict defendant of third-degree child abuse because she knew of her daughter's susceptibility to bruising, due to asthma medication taken by the victim, yet still spanked her with enough force to dislodge a blood clot from her daughter's nose and to cause bruises that raised the suspicion of several school, law enforcement, and medical personnel. Thus, the prosecution presented sufficient evidence that defendant had the requisite mens rea to convict her of third-degree child abuse.

Accordingly, we affirm the conclusion of the Court of Appeals that the prosecution presented sufficient evidence to

convict defendant of third-degree child abuse.

Defendant also argues that the prosecution failed to prove that her conduct toward the victim was not a reasonable disciplinary measure. She invokes MCL 750.136b(7)[3] to make this argument.

Defendant did not formally invoke the "reasonable discipline" statute at trial, but she did indicate in her trial testimony that the victim (her daughter) was "getting real, real lippy" with her and that she intended to punish the victim by spanking her. The trial court did not expressly refer to the "reasonable discipline" statutory provision in its findings of fact. However, the trial court obviously rejected the credibility of the pivotal testimony of defendant and the victim as it refused to accept their assertions that much of the victim's bruising was due to sources other than a physical assault by defendant. Further, as summarized above, the evidence indicated that the victim was attacked forcefully enough to dislodge a blood clot, triggering a nosebleed, and

---

[3]

This section [which defines the child abuse crimes] shall not be construed to prohibit a parent or guardian, or other person permitted by law or authorized by the parent or guardian, from taking steps to reasonably discipline a child, including the use of reasonable force.

4

to leave visible bruising on various parts of her body.[4] Wherever the outer limits of "reasonable discipline" are to be drawn, given the injuries inflicted by the force used in this matter, they were plainly exceeded.

Accordingly, we conclude that, in rejecting defendant's version of events, the trial court implicitly concluded that this case did not involve the use of reasonable discipline. In this regard, we note the presumption that a trial judge in a bench trial knows the applicable law. See, e.g., *People v Cazal,* 412 Mich 680, 686-687; 316 NW2d 705 (1982) (stating that "a trial judge should be aware of lesser-included offenses without the need for instruction" and referring to "the trial judge's knowledge of the law").

Therefore, we presume that the trial court correctly rejected the applicability of the "reasonable discipline" provision and did not address it more specifically for the simple reason that any claim of "reasonable discipline" in this case was plainly unsupportable. Additionally, we affirm the conclusion of the Court of Appeals that the prosecution

---

[4] While defendant indicates that asthma medication being taken by the victim made her more susceptible to bruising, because this was known to defendant, rather than being exculpatory, it provided all the more reason that defendant should have shown restraint in her treatment of her child. Moreover, defendant admitted that she hurt her hand in connection with her "punishment" of the victim, which underscores the use of an extreme degree of force against the child.

5

presented sufficient evidence to convict defendant of third-degree child abuse.

CORRIGAN, C.J., and CAVANAGH, WEAVER, KELLY, TAYLOR, YOUNG, and MARKMAN, JJ., concurred.