# STATE OF MICHIGAN

# COURT OF APPEALS

PEOPLE OF THE STATE OF MICHIGAN,

Plaintiff-Appellee,

v

JIM DALE MARKOVICH,

Defendant-Appellant.

UNPUBLISHED
July 14, 2015

No. 320982
Isabella Circuit Court
LC No. 2013-002186-FC

Before: RONAYNE KRAUSE, P.J., and MURPHY and SERVITTO, JJ.

PER CURIAM.

Defendant appeals as of right from his jury trial convictions of five counts of second-degree criminal sexual conduct (CSC II), MCL 750.520c(1)(a) (victim under age of 13); two counts of accosting a child for immoral purposes, MCL 750.145a; and one count of indecent exposure, MCL 750.335a. He was found not guilty of one count of CSC II. Defendant was sentenced to concurrent terms of ten to 15 years' imprisonment for each of the CSC II convictions, 32 to 48 months' imprisonment for the accosting a child for immoral purposes convictions, and 166 days' imprisonment for the indecent exposure conviction. We affirm.

Defendant's convictions arise out of a series of sexual assaults of two young girls who attended his wife's daycare facility. Each victim testified that defendant, who was referred to as "Papa Jim," "touched" or "rubbed" her vagina "[o]nce a day" or "[a]lmost everyday" throughout the time they attended the daycare and made her touch his penis once as well.

Defendant first argues that there was insufficient evidence adduced at trial to support his convictions of accosting a child for immoral purposes. Specifically, defendant argues that no evidence was presented that he sought out the victims. We disagree.

This Court reviews de novo a claim of insufficient evidence. *People v Meshell*, 265 Mich App 616, 619; 696 NW2d 754 (2005). "In determining whether sufficient evidence exists to sustain a conviction, this Court reviews the evidence in a light favorable to the prosecution." *People v Sherman-Huffman*, 466 Mich 39, 40; 642 NW2d 339 (2002). "This Court must consider whether there was sufficient evidence to justify a rational trier of fact in finding guilt beyond a reasonable doubt." *Id.* (citations and internal quotation marks omitted).

Defendant was charged with accosting a child for immoral purposes pursuant to MCL 750.145a, which states as follows:

A person who accosts, entices, or solicits a child less than 16 years of age . . . with the intent to induce or force that child or individual to commit an immoral act, to submit to an act of sexual intercourse or an act of gross indecency, or to any other act of depravity or delinquency, or who encourages a child less than 16 years of age, regardless of whether the person knows the individual is a child or knows the actual age of the child, or an individual who he or she believes is a child less than 16 years of age to engage in any of those acts is guilty of a felony punishable by imprisonment for not more than 4 years or a fine of not more than $4,000.00, or both.

"[T]he statute permits conviction under two alternative theories[.]" *People v Kowalski*, 489 Mich 488, 499; 803 NW2d 200 (2011). "A defendant is guilty of accosting a minor if the prosecution proves beyond a reasonable doubt that the defendant (1) accosted, enticed, or solicited (2) a child . . . (3) with the intent to induce or force that child to commit (4) a proscribed act." *Id*. Under this theory, "the statute requires the prosecution to demonstrate a specific intent to induce or force the child to commit proscribed acts[.]" *Id*. at 500. "Alternatively, a defendant is guilty of accosting a minor if the prosecution proves beyond a reasonable doubt that the defendant (1) encouraged (2) a child . . . (3) to commit (4) a proscribed act." *Id*. at 499. Under this theory, "the encourages prong envisions a *mens rea* consistent with a general criminal intent." *Id*. at 500. The trial court instructed the jury consistent with both theories.

"Statutory language must be read in the context of the act as a whole, giving every word its plain and ordinary meaning." *Id*. at 498. The terms "accost," "entice," "solicited," and "encouraged" are not statutorily defined. Accordingly, we turn to the "dictionary to determine the plain meaning of" these terms. *Wardell v Hincka*, 297 Mich App 127, 132; 822 NW2d 278 (2012). Accost means "to approach and speak to often in a challenging or aggressive way." *Merriam-Webster's College Dictionary* (2014). Entice means "to attract artfully or adroitly or by arousing hope or desire." *Id*. Solicit means "to approach with a request or a plea" or "to urge . . . strongly" or "to . . . lure esp. into evil." *Id*. Encourage means "to inspire with courage, spirit, or hope" or "to attempt to persuade." *Id*.

During trial, one victim testified that defendant "made [her] touch him" by "guid[ing] [her] hand" "skin to skin" on his penis. Other than saying once it was hard to reach her vagina, the girl testified that defendant did not speak to her during the assaults. Similarly, the other victim testified that defendant "grabbed [her] hand and pushed [her] hand on to his penis . . . and wouldn't let [her go downstairs]." Other than the comment about going downstairs, this victim testified, defendant did not speak during the assaults. Thus, for both victims, the evidence does not show that defendant tried to persuade the girls into acting or that he pleaded for or requested the acts. However defendant did accost both victims by grabbing their hands and putting it on his penis. Such acts were aggressive, and although defendant did not speak, the victims testified that defendant "guided" and "pushed" them to comply. Additionally, defendant sexually abused the victims several times over a multi-year period. This clearly shows that defendant did not act impulsively. Defendant's convictions of accosting a child for immoral purposes are supported by sufficient evidence.

Defendant next argues that the trial court erred in scoring offense variable (OV) 10 at 15 points, arguing as follows: "OV 10 should be scored 10 points. Mr. Markovich did not seek out the complainants. The offenses were opportunistic."

> Under the sentencing guidelines, the circuit court's factual determinations are reviewed for clear error and must be supported by a preponderance of the evidence. Whether the facts, as found, are adequate to satisfy the scoring conditions prescribed by statute, i.e., the application of facts to the law, is a question of statutory interpretation, which an appellate court reviews de novo. [*People v Hardy*, 494 Mich 430, 438; 835 NW2d 340 (2013).]

"Offense variable 10 is exploitation of a vulnerable victim" and should be scored at 15 points when "[p]redatory conduct was involved." MCL 777.40(1)(a). "The statute defines 'predatory conduct' to mean 'preoffense conduct directed at a victim for the primary purpose of victimization.'" *People v Steele*, 283 Mich App 472, 491; 769 NW2d 256 (2009), quoting MCL 777.40(3)(a). A three-prong test is used for determining whether predatory conduct exists for the purposes of OV 10. *Id.*, citing *People v Cannon*, 481 Mich 152, 161-162; 749 NW2d 257 (2008). First, "[d]id the offender engage in conduct before the commission of the offense?" *Id.* When "victims testif[y] about numerous sexual assaults going on for a very long time before disclosure," this prong is satisfied. *Id.* Second, "[w]as this conduct directed at one or more specific victims who suffered from a readily apparent susceptibility to injury, physical restraint, persuasion, or temptation?" *Id.* Finally, "[w]as the victimization the offender's primary purpose for engaging in the preoffense conduct?" *Id.* at 491. When a defendant progresses from milder forms to escalated forms of sexual contact over time, the third prong is satisfied. *Id.* at 492.

In this case, all three of these prongs were satisfied. The first prong is satisfied because the victims testified that defendant touched each of their vaginas and made them touch his penis, and one victim testified that defendant also touched her chest. These assaults occurred multiple times over a multi-year period. The second prong is satisfied because the victims were abused when they were of a tender age, entrusted into defendant's (and his wife's) care, and susceptible to injury and restraint. Further, they were both subject to defendant's authority and looked up to defendant as their "Papa Jim." The third prong is satisfied because one victim testified that defendant would purposefully reach under her waistband in order to touch her vagina and even told her "it's hard to get there." The other victim testified that defendant would pretend to tickle her in order to get his hands inside her pants and then touch her vagina, spread her legs while swinging her, and grab her breasts while letting her walk on his shoes. The victims also testified that defendant would only molest them when no one else was present and that at some point, defendant made each touch his penis. Therefore, the trial court properly scored OV 10 at 15 points.

Lastly, defendant contends that the trial court abused its discretion by departing upward from the sentencing guidelines, setting defendant's minimum at 10-15 years when his guidelines called for 36 to 71 months. "A court may depart from the appropriate sentence range . . . if the court has a substantial and compelling reason for that departure and states on the record the reasons for departure." MCL 769.34(3). This Court reviews whether a particular factor for departing from the sentencing guidelines exists for clear error. *People v Anderson*, 298 Mich App 178, 184; 825 NW2d 678 (2012). We review de novo a trial court's determination that a

factor is objective and verifiable. *Id*. We review for an abuse of discretion whether the factors relied on by the trial court provide substantial and compelling reasons to depart from the guidelines, *id*., as well as the extent of departure, *People v Smith*, 482 Mich 292, 300; 754 NW2d 284 (2008). "A trial court abuses its discretion if the minimum sentence imposed falls outside the range of principled outcomes." *Id*.

"Substantial and compelling reasons for departure exist only in exceptional cases." *Id.* at 299. "[S]ubstantial and compelling reasons must be objective and verifiable and may be based on conduct occurring before or after the defendant's arrest." *People v Shinholster*, 196 Mich App 531, 534; 493 NW2d 502 (1992). "For a departure to be justified, the minimum sentence imposed must be proportionate to the defendant's conduct and prior criminal history." *Smith*, 482 Mich at 300. "The court shall not base a departure on an offense characteristic or offender characteristic already taken into account in determining the appropriate sentence range unless the court finds . . . that the characteristic has been given inadequate or disproportionate weight." MCL 769.34(3)(b).

Here, the trial court's reasons for its departure are substantial and compelling. The trial court explained that it had concluded that prior record variable (PRV) 7[1] and OV 13[2] did not

---

[1] MCL 777.57 provides in part as follows:

(1) Prior record variable 7 is subsequent or concurrent felony convictions. Score prior record variable 7 by determining which of the following apply and by assigning the number of points attributable to the one that has the highest number of points:

(a) The offender has 2 or more subsequent or concurrent convictions…………………………………………………………..20 points

* * *

(2) All of the following apply to scoring record variable 7:

(a) Score the appropriate point value if the offender was convicted of multiple felony counts or was convicted of a felony after the sentencing offense was committed.

* * *

[2] MCL 777.43(1) provides in part as follows:

Offense variable 13 is continuing pattern of criminal behavior. Score offense variable 13 by determining which of the following apply and by assigning the number of points attributable to the one that has the highest number of points:

* * *

reflect the severity or quantity of the seven felonies in this case. The trial court also explained that OV 9[3] did not adequately account for defendant having sexually abused two victims on multiple occasions over a period of years. The trial court further explained that defendant's betrayal of the victim's and the victims' families' trust and defendant's use of his position in his wife's daycare to sexually abuse two young girls that he was responsible for taking care of, also supported its departure and was not reflected in the guidelines. The trial court's reasoning was sound given the context in which these crimes were committed. These victims may not have been accosted at the same time, but they were both being cared for in the same setting. They were placed into a daycare setting over which they had no control, and in which they were consistently available for defendant to victimize. The victims' parents turned to defendant and his wife to care for their children. They entrusted their well-being to defendant and his wife, and defendant betrayed that trust. Accordingly, the trial court did not err in departing from the sentencing guidelines.

Affirmed.

/s/ Amy Ronayne Krause
/s/ William B. Murphy
/s/ Deborah A. Servitto

---

(c) The offense was part of a pattern of felonious criminal activity involving 3 or more crimes against a person…………………………..25 points

[3] MCL 777.39(1) provides in part as follows:

(1) Offense variable 9 is number of victims. Score offense variable 9 by determining which of the following apply and by assigning the number of points attributable to the one that has the highest number of points:

* * *

(c) There were 2 to 9 victims who were placed in danger of physical injury or death, or 4 to 19 victims who were placed in danger of property loss…………………………………………………………………..10 points

(d) There were fewer than 2 victims who were placed in danger of physical injury or death, or fewer than 4 victims who were placed in danger of property loss………………………………………………………..…0 points