*If this opinion indicates that it is "FOR PUBLICATION," it is subject to revision until final publication in the Michigan Appeals Reports.*

# STATE OF MICHIGAN

# COURT OF APPEALS

PEOPLE OF THE STATE OF MICHIGAN,

        Plaintiff-Appellee,

v

MICHEAL II MCCLURE,

        Defendant-Appellant.

UNPUBLISHED
February 14, 2019

No. 340030
Wayne Circuit Court
LC No. 17-002030-01-FC

Before: MURRAY, C.J., and STEPHENS and RIORDAN, JJ.

PER CURIAM.

Defendant appeals as of right his bench trial convictions for two counts of first-degree criminal sexual conduct (CSC-I), MCL 750.520b(1)(a) (sexual penetration of person under 13 years of age, defendant 17 years of age or older), and one count of second-degree criminal sexual conduct (CSC-II), MCL 750.520c(1)(a) (sexual contact with person under 13 years of age, defendant 17 years of age or older). Defendant was sentenced to 25 to 50 years' imprisonment for each of his CSC-I convictions and 7 to 15 years' imprisonment for his CSC-II conviction. We affirm.

## I. GREAT WEIGHT OF THE EVIDENCE

In reviewing whether a verdict is against the great weight of the evidence, this Court must determine "whether the evidence preponderates so heavily against the verdict that it would be a miscarriage of justice to allow the verdict to stand." *People v McCray*, 245 Mich App 631, 637; 630 NW2d 633 (2001). When a challenge to the great weight of the evidence follows a bench trial, this Court examines the trial court's findings for clear error. MCR 2.613(C); *Ambs v Kalamazoo Co Rd Comm*, 255 Mich App 637, 651-652; 662 NW2d 424 (2003). A factual finding is clearly erroneous if the appellate court is "left with a definite and firm conviction that the trial court made a mistake." *People v Armstrong*, 490 Mich 281, 289; 806 NW2d 676 (2011). However, this Court gives special deference to the trial court's findings when those findings are based on witness credibility. MCR 2.613(C); *People v Sherman-Huffman*, 241 Mich App 264, 267; 615 NW2d 776 (2000), aff'd 466 Mich 39 (2002).

A verdict generally may be overturned as against the great weight of the evidence when it is not reasonably supported by the evidence admitted at trial and the verdict was "more likely the result of causes outside the record, such as passion, prejudice, sympathy, or some other extraneous influence." *People v Lacalamita*, 286 Mich App 467, 469; 780 NW2d 311 (2009). Conflicting testimony and questions involving witness credibility are not sufficient grounds for vacating a conviction. *Id*. at 469-470, citing *People v Lemmon*, 456 Mich 625, 647; 576 NW2d 129 (1998).

A defendant is guilty of CSC-I if he or she sexually penetrates a victim under 13 years of age. MCL 750.520b(1)(a). Sexual penetration includes "sexual intercourse, cunnilingus, fellatio, anal intercourse, or any other intrusion, however slight, of any part of a person's body or of any object into the genital or anal openings of another person's body . . . ." MCL 750.520a(r).

Likewise, a defendant is guilty of CSC-II if he or she engages in sexual contact with a victim under 13 years of age. MCL 750.520c(1)(a). Sexual contact includes "the intentional touching of the victim's or actor's intimate parts . . . if that intentional touching can reasonably be construed as being for the purpose of sexual arousal or gratification, [or] done for a sexual purpose . . . ." MCL 750.520a(q). The genital area is an intimate part. MCL 750.520a(f). When determining whether an intentional touching could be construed as having been done for a sexual purpose, "the conduct should be 'viewed objectively' under a 'reasonable person standard.' " *People v DeLeon*, 317 Mich App 714, 719-720; 895 NW2d 577 (2016) (quotation marks and citation omitted).

When a child is a victim of sexual abuse, evidence of guilt is "typically hard to come by because in most cases the only witness is the victim, whose testimony may not be available, helpful, or deemed credible because of his or her age." *People v Watkins*, 491 Mich 450, 475; 818 NW2d 296 (2012). For that reason, "[t]he victim's testimony alone can provide sufficient evidence to support a conviction." *DeLeon*, 317 Mich App at 719. The prosecution need not corroborate the victim's testimony in cases arising under MCL 750.520b or MCL 750.520c. MCL 750.520h.

The victim's testimony established all the requisite elements to convict defendant of both CSC-I and CSC-II. First, the victim testified that she was born in 2008, thus, making her eight years old at the time of the assault. The victim testified that defendant first penetrated her when defendant put his finger inside of her genital area. The victim then testified that defendant engaged in sexual contact with her when defendant put his penis in her hand. Finally, the victim testified that defendant penetrated her when defendant put his penis in her mouth.

Although defendant contends that his convictions are against the great weight of the evidence because the victim's testimony was not credible, that contention is unfounded. First, defendant's contention relies on the potential testimony of the victim's aunt, which is evidence that is not contained in the record. This Court does not consider evidence that is not contained in the original record. MCR 7.210(A)(1); *People v Gingrich*, 307 Mich App 656, 659 n 1; 862 NW2d 432 (2014). Second, the trial court found that the victim was a credible witness, notwithstanding the fact that the victim had practiced her testimony with her aunt and that her aunt did not testify regarding her interaction with the victim. The trial court's credibility determination is entitled to special deference. *Sherman-Huffman*, 241 Mich App at 267. Third,

the trial court's determination that the victim was a credible witness was supported by 1) the testimony of defendant's wife that the victim went upstairs three times to see defendant, 2) the testimony of the victim's sister that she saw the victim go upstairs with defendant more than once, and 3) defendant's confession during the interview.

The evidence supported defendant's conviction and did not preponderate against the verdict. The prosecution did not have to present evidence which corroborated the victim's testimony, but did so anyway. MCL 750.520h. Finally, defendant's contention relies primarily on potential conflicts with the victim's testimony and questions involving the victim's credibility as a witness. Those are not sufficient grounds for vacating a conviction. *Lemmon*, 456 Mich at 647; *Lacalamita*, 286 Mich App at 469-470. Therefore, defendant's conviction was not against the great weight of the evidence because the evidence did not preponderate so heavily against the verdict as to create a miscarriage of justice.

## II. INEFFECTIVE ASSISTANCE OF COUNSEL

A defendant preserves the issue of ineffective assistance of counsel by moving in the trial court for a new trial or by requesting an evidentiary hearing on the issue pursuant to *People v Ginther*, 390 Mich 436, 443-444; 212 NW2d 922 (1973). *People v Foster*, 319 Mich App 365, 390; 901 NW2d 127 (2017). Defendant neither moved for a new trial nor requested a *Ginther* hearing before the trial court. Therefore, this issue is unpreserved.

"The determination whether a defendant has been deprived of the effective assistance of counsel presents a mixed question of fact and constitutional law." *People v Lockett*, 295 Mich App 165, 186; 814 NW2d 295 (2012). While an appellate court reviews the trial court's constitutional determinations de novo, the court's factual determinations are reviewed for clear error. *Id.* A factual determination is clearly erroneous if the appellate court is "left with a definite and firm conviction that the trial court made a mistake." *Armstrong*, 490 Mich at 289. If the issue is unpreserved and no *Ginther* hearing is held, "review is limited to errors apparent on the record." *People v Jordan*, 275 Mich App 659, 667; 739 NW2d 706 (2007).

"Effective assistance of counsel is presumed, and the defendant bears a heavy burden of proving otherwise." *People v Solmonson*, 261 Mich App 657, 663; 683 NW2d 761 (2004). To support a conclusion that a defendant's trial counsel was ineffective, a defendant must "show that counsel's performance fell below an objective standard of reasonableness, and that the representation so prejudiced the defendant as to deprive him of a fair trial." *People v Pickens*, 446 Mich 298, 338; 521 NW2d 797 (1994); see also *Strickland v Washington*, 466 US 668, 687; 104 S Ct 2052; 80 L Ed 2d 674 (1984).

"Decisions regarding what evidence to present and whether to call or question witnesses are presumed to be matters of trial strategy, and this Court will not substitute its judgment for that of counsel regarding matters of trial strategy." *People v Davis*, 250 Mich App 357, 368; 649 NW2d 94 (2002). A particular trial strategy does not rise to the level of ineffective assistance of counsel for the sole reason that it did not work. *People v Matuszak*, 263 Mich App 42, 61; 687 NW2d 342 (2004). A defendant must overcome "a strong presumption that the assistance of his counsel was sound trial strategy[.]" *Davis*, 250 Mich App at 368 (quotation marks and citation omitted).

The failure to call witnesses or present evidence "only constitutes ineffective assistance of counsel if it deprives the defendant of a substantial defense." *People v Dixon*, 263 Mich App 393, 398; 688 NW2d 308 (2004). "A substantial defense is one that might have made a difference in the outcome of the trial." *People v Chapo*, 283 Mich App 360, 371; 770 NW2d 68 (2009) (quotation marks and citation omitted).

Defendant's contentions do not overcome the strong presumption that his trial counsel's actions were sound trial strategy. Nothing exists on the existing record which shows that the failure to call the victim's aunt to testify was performance falling below an objective standard of reasonableness. A number of legitimate reasons exist to explain why defendant's trial counsel declined to call the victim's aunt as a witness. For example, the aunt's testimony may have been needlessly cumulative, or it may have served to enhance the victim's credibility. Defendant's trial counsel may have been concerned that the testimony of the victim's aunt would corroborate the victim's testimony and make it more likely that defendant would be convicted. Those possibilities demonstrate that defendant has not overcome the presumption that his trial counsel's actions were sound trial strategy. Defendant's contention that the testimony of the victim's aunt would have clarified the victim's credibility is only speculation that is not supported by the record. Defendant did not present any additional evidence to demonstrate that his trial counsel's failure to call the victim's aunt to testify was anything other than presumptively sound trial strategy.

Additionally, nothing in the record shows that the testimony of the victim's aunt would have definitively changed the outcome of trial. The record merely establishes that the victim's aunt helped the victim to practice testifying for trial. While the victim did testify on cross-examination that her aunt had told her that it was important for the victim to say that defendant did "a certain thing," the victim also testified that her aunt did not tell her what to say and that her testimony accurately described what happened between her and defendant. The testimony does not conflict. The trial court was aware of the aunt's influence but still determined that the victim was a credible witness. Thus, the victim's testimony is not devoid of credibility merely because of those statements, and defendant has not established, based on the trial court record, that the testimony of the victim's aunt would have deprived the victim's testimony of all credibility. Defendant was not prejudiced by the trial court's determination of the victim's testimony because other witnesses corroborated the victim's testimony. The record does not establish that calling the victim's aunt to testify would have provided defendant with a substantial defense that would have changed the outcome of the trial. Therefore, defendant's trial counsel was not ineffective.

Affirmed.

/s/ Christopher M. Murray
/s/ Cynthia Diane Stephens
/s/ Michael J. Riordan