*If this opinion indicates that it is "FOR PUBLICATION," it is subject to revision until final publication in the Michigan Appeals Reports.*

# STATE OF MICHIGAN

# COURT OF APPEALS

PEOPLE OF THE STATE OF MICHIGAN,

        Plaintiff-Appellee,

v

ADRIAN RYANEN SWAIN,

        Defendant-Appellant.

UNPUBLISHED
May 23, 2024

No. 361962
Muskegon Circuit Court
LC No. 2020-003276-FC

Before: YATES, P.J., and CAVANAGH and BOONSTRA, JJ.

PER CURIAM.

Defendant appeals by right his jury-trial convictions of safe breaking, MCL 750.531; breaking and entering with intent to commit a larceny, MCL 750.110; and possession of burglar's tools, MCL 750.116. The trial court sentenced defendant as a fourth-offense habitual offender, MCL 769.12, to concurrent prison terms of 200 months to 60 years for each conviction. We affirm defendant's convictions, but vacate defendant's sentence, and remand for resentencing.

## I. PERTINENT FACTS AND PROCEDURAL HISTORY

In the early morning hours of January 25, 2020, a break-in occurred at Solid Rock Housing Support (Solid Rock), a nonprofit home repair business in Muskegon. Evidence showed that the perpetrators broke into the building by prying open the door, ransacked the interior of the business, broke into a safe, and stole money as well as merchandise. Surveillance camera footage showed a person wearing a blue or purple hooded sweatshirt and white gloves, carrying a flashlight and crowbar, looking into a window of Solid Rock at 3:37 a.m. A second person wearing a black sweatshirt appears on the footage at 4:50 a.m. Two neighboring businesses, the Christian Fellowship Church and Forton Service, were also broken into that same night using similar methods. Vehicle diagnostic scanners were taken from Forton Service.

The Norton Shores Police Department was investigating defendant as the possible perpetrator of several break-ins, based largely on surveillance footage from a break-in at Air Master Systems on March 24, 2020 that captured defendant's unmasked face. The suspect in this series of burglaries was identified as driving a 2006 or 2007 Honda Accord. Police obtained a warrant to place a GPS tracking device on a 2006 Honda Accord parked outside defendant's

residence, and observed over the next two days that it traveled from Muskegon to nearby office parks in the early morning. The Accord was stopped by police; defendant was driving and had flashlights and gloves in his pockets. The Accord's trunk contained prybars and hammers, and a homemade face mask was also found. Defendant was arrested. A search of his residence revealed a red automotive diagnostic scanner, a blue hooded sweatshirt, white racing gloves, clothing similar to that worn by the perpetrator in several break-ins that were recorded by surveillance cameras, and items taken from the Christian Fellowship Church. When the contents of defendant's cellular phone were searched, police discovered a photograph of a pistol stolen during a break-in at Lange Flooring on February 3, 2020. Further, defendant's internet search history revealed searches related to the valuation of rare coins, diamonds, and other jewels made in the days immediately following a break-in at Dethloff Insurance, where similar items were stolen. Defendant was interviewed by police and denied committing the break-ins, although he also said that he had been using "a lot" of cocaine and alcohol and would frequently black out at night and not remember what he had done the night before.

Prior to trial, the prosecution filed a notice of intent to rely on other-acts evidence under MRE 404(b). Specifically, the prosecution sought to introduce evidence of other break-ins that had occurred in the area from January through March 2020. These break-ins included the ones that occurred at Forton Service and the Christian Fellowship Church the same night as the Solid Rock break-in, as well as the Air Master Systems, Lange Flooring, and Dethloff Insurance break-ins. Other break-ins included those at Semlow Chiropractic and Advanced Printing and Graphics. A surveillance camera at the former location recorded the perpetrator, while a camera near the latter location recorded a dark-colored sedan. Defendant objected. The trial court ruled that the prosecution could admit evidence of other break-ins to establish identity and the presence of a common plan or scheme.

At trial, the prosecution presented evidence of the other break-ins. The break-ins generally shared common features such as entry through the use of a pry-bar, the use of tools such as hammers or hatchets that were often left behind, and the ransacking of the business interior. The prosecution presented evidence that defendant was identified from surveillance video from the Air Master Systems break-in; however, defense counsel elicited testimony on cross-examination that nothing had been stolen during that break-in. A Michigan State Police detective-sergeant testified that data from defendant's cellular phone carrier indicated that defendant's phone was in the area of Solid Rock during the break-in there, as well as in the area of the break-ins at the date and time of the Advanced Printing, Solid Rock, Lange Flooring, and Dethloff Insurance break-ins. The prosecution also presented text messages exchanged between defendant's phone and defendant's roommate's phone at the time of the Solid Rock break-in, including a message from defendant's phone that said "Listen, you been in the way—in the way [sic] too long in there and police drove by."

After the prosecution rested its case, defendant moved for a directed verdict. The trial court denied the motion. The jury convicted defendant as described.

At sentencing, the trial court assessed defendant ten points for offense variables (OVs) 16 and 19. The trial court sentenced defendant as described. It subsequently denied defendant's motion for a new trial. This appeal followed.

## II. OTHER-ACTS EVIDENCE

Defendant argues that the trial court erred when it admitted other-acts evidence under MRE 404(b).[1] We disagree. We review for an abuse of discretion a trial court's decision to admit or exclude evidence. See *People v Thorpe*, 504 Mich 230, 251-252; 934 NW2d 693 (2019).

At the time of defendant's trial, MRE 404(b)(1) provided:

> Evidence of other crimes, wrongs, or acts is not admissible to prove the character of a person in order to show action in conformity therewith. It may, however, be admissible for other purposes, such as proof of motive, opportunity, intent, preparation, scheme, plan, or system in doing an act, knowledge, identity, or absence of mistake or accident when the same is material, whether such other crimes, wrongs, or acts are contemporaneous with, or prior or subsequent to the conduct at issue in the case.

To admit evidence under MRE 404(b)(1), the party seeking to introduce the evidence must show that: (1) it is offered for a proper purpose; (2) it is relevant; and (3) its probative value is not substantially outweighed by the danger of unfair prejudice. *People v VanderVliet*, 444 Mich 52, 74; 508 NW2d 114 (1993), amended 445 Mich 1205 (1994).

The prosecution articulated a proper, noncharacter purpose for introducing evidence of the other, uncharged break-ins. See *VanderVliet*, 444 Mich at 55. It sought to introduce evidence from the other break-ins to show defendant's identity as the person who committed the break-in at Solid Rock. Further, the prosecution sought to show a common scheme or plan in a series of break-ins by a perpetrator who wore clothing found in defendant's home, who acted late at night or very early in the morning, forced doors with crowbars, ransacked business and stole cash and various valuable items, and drove a vehicle similar to defendant's 2006 Honda Accord.

In addition to offering the evidence for a proper, noncharacter purpose, the prosecution also had to show that the other-acts evidence was relevant. See *id*. As our Supreme Court explained:

> Under the second prong of the *VanderVliet* test, logical relevance is determined by the application of MRE 401 and MRE 402. We have emphasized the importance of logical relevance, calling it the "touchstone" of the admissibility of other-acts evidence. Other-acts evidence is logically relevant if two components are present: materiality and probative value. [*People v Denson*, 500 Mich 385, 401; 902 NW2d 306 (2017) (citations omitted).]

The inquiry for relevancy of MRE 404(b) evidence is whether the evidence is related to any fact of consequence. *Id.* Because defendant denied any involvement in the break-in at Solid Rock, the

---

[1] The Michigan Rules of Evidence were substantially amended on September 20, 2023, effective January 1, 2024. See ADM File No. 2021-10, 512 Mich lxiii (2023). We rely on the version of the rules of evidence in effect at the time of trial.

prosecution sought to introduce other-acts evidence to show defendant's identity as the person who committed the break-in. The other-acts evidence included surveillance video recordings of the perpetrator with and without a mask over his face and wearing clothing similar to or the same as defendant's clothes. The evidence also showed that, in some of the break-ins, defendant's Honda Accord was seen nearby, his cell phone location showed that he was in the area of the break-ins when they occurred, and the method of entry through the use of crowbars was the same. Further, defendant had various crowbars in his possession at the time of his arrest, had stolen items in his possession, and had researched the value of stolen items on his phone.

The other-acts evidence was relevant to show that defendant perpetrated the break-in at Solid Rock and that he had followed a common method, scheme, or plan. MRE 404(b)(1). Police apprehended defendant when they saw him driving slowly through office parks late at night. The break-ins occurred late at night or during the early morning hours when the targeted businesses were closed. The method of breaking into the buildings was primarily by crowbar, which left distinctive marks on doors. Two of the uncharged break-ins occurred on January 25, 2020, at businesses next to one another on Ottawa Street and near Solid Rock. The perpetrator of the break-ins emptied filing cabinets, desk drawers, and cupboards and also overturned or pushed electronics onto the floor. Testimony showed that, in each break-in, the business interiors were "ransacked" or "destroyed" in the process. Moreover, the businesses that had outdoor cameras showed defendant's vehicle and a person in a dark coat or hoodie wearing white gloves or distinctive driving gloves, all of which were found in defendant's possession. And again, defendant had crowbars and other tools in his car when he was arrested.

We also find persuasive the prosecution's argument that the MRE 404(b) evidence was relevant under the "doctrine of chances" theory described in *People v Mardlin*, 487 Mich 609, 616-617; 790 NW2d (2010):

> The doctrine of chances—also known as the "doctrine of objective improbability"—is a theory of logical relevance [that] does not depend on a character inference. Under this theory, as the number of incidents of an out-of-the-ordinary event increases in relation to a particular defendant, the objective probability increases that the charged act and/or the prior occurrences were not the result of natural causes. The doctrine is commonly discussed in cases addressing MRE 404(b) because the doctrine describes a logical link, based on objective probabilities, between evidence of past acts or incidents that may be connected with a defendant and proper, noncharacter inferences that may be drawn from these events on the basis of their frequency. If a type of event linked to the defendant occurs with unusual frequency, evidence of the occurrences may be probative, for example, of his criminal intent or of the absence of mistake or accident because it is objectively improbable that such events occur so often in relation to the same person due to mere happenstance. [Quotation marks and citations omitted).]

The Supreme Court further explained that evidence of frequent occurrences of events related to a defendant is an objective determination, not a subjective judgment of a defendant's character. *Id*. at 617. The Court distinguished *People v Golochowicz*, 413 Mich 298; 319 NW2d 518 (1982), and stated that the doctrine of chances does not require "substantial evidence that the defendant committed the prior act and some 'special quality' of the act that tended to prove the defendant's

identity." *Mardlin*, 487 Mich at 621. The Court in *Mardlin* further observed that *Golochowicz* was criticized in *VanderVliet*, in which the Court created a more flexible test and stated that "[d]ifferent theories of relevance require different degrees of similarity between past acts and the charged offense to warrant admission." *Id*. at 622.

In this case, the prosecution presented evidence showing that defendant's cell phone was tracked in the location of cell towers near the crime scenes when the majority of the break-ins occurred. Although cell tower data cannot pinpoint a person's location with absolute accuracy, the chances that defendant's phone would be in the vicinity of similar break-ins on multiple occasions are low, especially when the crimes occurred very late at night or in the very early morning. The prosecution also showed that a Honda Accord matching defendant's vehicle was seen at several of the break-ins. Further, the prosecution used evidence of defendant's cell phone use—either through searching for the value of the items like the rare coins and jewelry stolen from one break-in, or taking a photo of the gun stolen from another—to establish his possession of items that were stolen from locked safes or cabinets in the break-ins. It is highly improbable that defendant would possess the same items stolen from multiple break-ins without having been involved. As in *Mardlin*, 487 Mich at 625-626, when viewed in the aggregate, the evidence of other acts was admitted for a proper purpose to counter defendant's claim that he was not involved in any of the break-ins.

Even if relevant, MRE 404(b) evidence should not be admitted "if its probative value is substantially outweighed by the danger of unfair prejudice, confusion of the issues, or misleading the jury, or by considerations of undue delay, waste of time, or needless presentation of cumulative evidence." MRE 403. See *VanderVliet*, 444 Mich at 74. In *VanderVliet*, 444 Mich at 68, our Supreme Court clarified that, contrary to any implication in *Golochowicz*, there is no heightened standard to determine whether the probative value of the evidence is substantially outweighed by the standard of unfair prejudice. Rather, the same rule applies to all evidence admitted at trial through MRE 403. *Id*. at 71-72.

For the reasons stated, the evidence of other break-ins was highly probative to show that defendant was involved in the break-in at Solid Rock, and the evidence was necessary to counter defendant's claim that someone else had committed that break-in. Additionally, the prosecution explained to the jury that defendant was charged only in connection with the break-in at Solid Rock and that the evidence of other break-ins would identify defendant as the person who participated in that break-in by showing that defendant's ties to the crime were not merely coincidental and were part of a common scheme or plan. Under these circumstances, although the amount of other-acts evidence was significant, its probative value regarding the critical issue of defendant's involvement in the break-in was not substantially outweighed by a danger of unfair prejudice. Accordingly, the trial court did not abuse its discretion when it admitted the other-acts evidence. *Thorpe*, 504 Mich at 251-252.

### III. OVS 16 AND 19

Defendant also argues that he is entitled to resentencing because the trial court erred when it scored OVs 16 and 19. We agree. "This Court reviews for clear error a trial court's findings in support of [a] particular score under the sentencing guidelines but reviews de novo whether the trial court properly interpreted and applied the sentencing guidelines to the findings." *People v*

*McFarlane*, 325 Mich App 507, 531-532; 926 NW2d 339 (2018). The trial court's factual determinations must be supported by a preponderance of the evidence. *People v Hardy*, 494 Mich 430, 438; 835 NW2d 340 (2013).

Under MCL 777.46(1)(d), OV 16 should be assessed 10 points if the property that was "obtained, damaged, lost, or destroyed . . . had a value of more than $20,000.00 or had significant historical, social, or sentimental value[.]" But OV 16 should only be scored "for a violation or attempted violation of section 110a of the Michigan penal code, 1931 PA 328, MCL 750.110a." *Thorpe*, 504 Mich 230, 251-252. MCL 750.110a describes the offense of home invasion.

The prosecution concedes that the trial court should not have scored OV 16 at ten points. We agree. Our Supreme Court made clear in *People v Kimble*, 470 Mich 305, 312; 684 NW2d 669 (2004), that OV 16 applies only to crimes against a person for home invasion or attempted home invasion. For that reason, the parties are correct that the trial court should not have scored OV 16 because defendant was not convicted of home invasion.

We also hold that the trial court erred by assessing OV 19 at ten points. MCL 777.49 applies, among other things, to "interference with the administration of justice . . . ." And, under MCL 777.49(c), OV 19 should be assessed at ten points if, without using force, "[t]he offender otherwise interfered with or attempted to interfere with the administration of justice . . . ."

In *People v Deweerd*, 511 Mich 979 (2023), our Supreme Court recently discussed how OV 19 should be scored.[2] In *Deweerd*, 511 Mich at 979, our Supreme Court reasoned that a mere denial of culpability does not rise to the level of interfering with the administration of justice, stating in relevant part:

> a defendant's denial of culpability—without more—does not slow or prevent a criminal investigation or constitute an effort to do so. In fact, the defendant's denial here did no more to affect the investigation than if the defendant had not spoken at all. And while an admission of guilt may expedite a criminal investigation, OV 19 does not contemplate the failure to facilitate a criminal investigation, only the interference or attempted interference with one. There must be some daylight between attempting to interfere with the administration of justice and simply not assisting in or helping facilitate a criminal investigation. If a 10-point score is warranted under OV 19 for denying culpability because it hinders the administration of justice, "the OV becomes boundless." *People v Dixon*, 509 Mich 170, 181; 983 NW2d 385 (2022). Theoretically, a defendant could receive a 10-point score for remaining silent when questioned by police, testifying at trial (if the jury rejects the testimony), or even insisting on a trial in the face of overwhelming evidence of guilt. Anything short of immediately confessing and pleading guilty would seem to qualify as interfering or attempting to interfere with the

---

[2] *Deweerd* is a Michigan Supreme Court order rather than an opinion. However, a Supreme Court order is binding when it constitutes a final disposition of an application and contains a "concise statement of the applicable facts and reasons for the decision." *People v Crall*, 444 Mich 463, 464 n 8; 510 NW2d 182 (1994).

administration of justice under this broad interpretation. We reject such an understanding of MCL 777.49(b). Finally, the increased punishment imposed because of the defendant's denial of culpability also raises constitutional concerns regarding the defendant's right to maintain his innocence, for which the defendant cannot be penalized. [*Deweerd*, 511 Mich at 980-981.]

In this case, the prosecution argued that OV 19 should be scored at 10 points because defendant told police that he had been abusing cocaine and alcohol and did not recall his whereabouts on the night of the break-in, and further told police that the person on the surveillance video from one of the other break-ins was not him.

In our view, defendant's statements are similar to those of the defendant in *Deweerd* and do not rise to a level of interfering with the administration of justice. As defense counsel argued at sentencing, defendant was not necessarily lying when he told police that he did not remember what he did while he was heavily intoxicated. Although the prosecution argued that this statement was belied by evidence that defendant later looked up the value of items he stole from break-ins on the Internet, the fact that defendant later researched the value of stolen goods does not necessarily mean he remembered stealing them. Further, defendant's statements about his lack of memory did not hinder the police investigation any more than defendant merely denying his involvement or staying silent would have. We conclude that this conduct does not rise to the level of interfering with the administration of justice. *Deweerd*, 511 Mich at 980-981.

With regard to defendant's other statement that he was not the person pictured on the video of another break-in, the trial court should not have considered this statement when scoring OV 19, because it was unrelated to the sentencing offense. See *Sours*, 315 Mich App at 349. The video evidence was not related to the break-in at Solid Rock. And again, defendant's denial did not hinder the police investigation into the Solid Rock break-in; the similarity between defendant and the person in the video would have been apparent to a police officer questioning defendant in person, and defendant's profession of innocence would not have interfered with the administration of justice.

We conclude that both OV 16 and OV 19 should have been scored at zero points. Because changing the points assessed for these two variables would result in a different recommended sentencing range under the sentencing guidelines, defendant is entitled to resentencing. See *People v Francisco*, 474 Mich 82, 89-90; 711 NW2d 44 (2006).

## IV. SUFFICIENCY OF THE EVIDENCE

In his Standard 4 brief,[3] defendant argues that the prosecution presented insufficient evidence to support his convictions. We disagree. "This Court reviews de novo a challenge to the sufficiency of the evidence." *People v Smith*, 336 Mich App 297, 302; 970 NW2d 450 (2021).

---

[3] A supplemental appellate brief filed *in propria persona* by a criminal defendant under Supreme Court Administrative Order 2004-6, Standard 4.

We also review de novo a trial court's denial of a motion for directed verdict. *People v Quinn*, 305 Mich App 484, 491; 853 NW2d 383 (2014).

We review a challenge to the sufficiency of the evidence, as well as a challenge to the trial court's denial of a directed verdict, to determine whether the evidence presented by the prosecutor, viewed in the light most favorable to the prosecution, could persuade a rational trier of fact that the essential elements of the crime charged were proved beyond a reasonable doubt. *People v Sherman-Huffman*, 466 Mich 39, 40; 642 NW2d 339 (2002); *People v Aldrich*, 246 Mich App 101, 122; 631 NW2d 67 (2001).

Defendant argues that, during the prosecution's opening statement, the prosecutor stated, "Ladies [and] gentlemen you are not going to hear any evidence that connects the defendant to this crime." Defendant offers a pinpoint citation to this quotation, but the statement does not appear on that page in the trial transcript or elsewhere in the record. For that reason, defendant is not entitled to relief based on an assertion that is not supported by the record. See *People v Kelly*, 231 Mich App 627, 641; 588 NW2d 480 (1998).

In any event, the prosecution presented sufficient evidence to support the jury's verdict. Under MCL 750.110, the elements of breaking and entering with intent to commit a larceny are: "(1) the defendant broke into a building, (2) the defendant entered the building, and (3) at the time of the breaking and entering, the defendant intended to commit a larceny therein." See also *People v Toole*, 227 Mich App 656, 658; 576 NW2d 441 (1998). The crime of safe breaking is set forth in MCL 750.531; the elements are (1) the defendant broke into a safe, and (2) at the time of the breaking, the defendant intended to commit a larceny. And, in criminal cases, "identity is an element of every offense." *People v Yost*, 278 Mich App 341, 356; 749 NW2d 753 (2008).

In this case, the prosecution presented evidence that three break-ins occurred at neighboring businesses on Ottawa Street in Muskegon on the night of January 25, 2020. A church pastor testified that someone broke into the Christian Fellowship and Outreach Church of the Living God at 276 Ottawa Street on that date. Someone used a crowbar to pry open the door and enter the building. The perpetrator ransacked the interior of the church, and a security camera captured images of the perpetrator in the break-room or kitchen area where he stole, among other things, food items. Also during the early morning hours on January 25, 2020, another break-in occurred at Forton Service located at 318 Ottawa Street. There were pry marks on the door, a crowbar was left at the scene, and the perpetrator ransacked the business and stole two Snap-On auto diagnostic scanners. Police found one of the scanners in defendant's home.

During the same early morning hours, someone broke into Solid Rock and also ransacked the business. The perpetrator used a crowbar to enter the building, broke into a safe and stole money, and also broke into cabinets and stole merchandise. A surveillance camera captured someone in a blue coat or sweatshirt and white gloves just outside Solid Rock at 3:33 a.m., walking toward Forton Service, which was right next door. The man looked into the window of Solid Rock using a flashlight, and he was also holding a crowbar. At 3:37 a.m., the person can be seen on camera approaching the door of Solid Rock that was broken in order to enter the building. A video showing the perpetrator wearing a blue coat or heavy blue sweatshirt can be seen in videos and still photos from those videos. Videos also show the person filling a bag with merchandise and rummaging through the interior of the businesses.

An analysis of the location of defendant's phone showed that his phone was in the vicinity of the break-ins on January 25, 2020, at about 3:00 a.m. Police found text messages on defendant's phone while in the area of the break-ins between 3:51 a.m. and 4:09 a.m., which discussed someone being "in there" too long and noting that the police had driven by. When defendant was arrested, police found crowbars and white gloves in his vehicle, and a flashlight in his pocket.

This evidence could clearly lead a reasonable juror to conclude beyond a reasonable doubt that defendant broke into Solid Rock, that he broke into a safe inside the business, that he also stole money and merchandise, and that he possessed various burglar's tools in order to commit the break-in. Accordingly, defendant has not demonstrated that the evidence was insufficient to support his convictions or that the trial court erred by denying his motion for a directed verdict. *Sherman-Huffman*, 466 Mich at 40; *Aldrich*, 246 Mich App at 122.

We affirm defendant's convictions, but vacate defendant's sentence and remand for resentencing consistent with this opinion. We do not retain jurisdiction.

/s/ Christopher P. Yates
/s/ Mark J. Cavanagh
/s/ Mark T. Boonstra